ANDERSON v. DRIVERLESS CARS, INC., ET AL.

(October 21, 1929. Opinion and Decree.)

M. C. Scharff and Quintero & Ritter, of New Orleans, attorneys for appellant.

Alexis Brian, of New Orleans, attorney for appellee, exceptor.

A. Morgan Brian, of New Orleans, attorney for appellee Laurent.

Arthur B. Hammond, of New Orleans, attorney for intervener.

JANVIER, J. Plaintiff sustained personal injuries as the result of a collision between the Ford automobile which he was driving and an Oakland touring car owned by Driverless Cars, Inc., one of the defendants, and rented to and operated by Sidney P. Laurent, the other defendant. It is alleged that Laurent is liable because of his negligent operation of the car, and liability is sought to be fastened on the Driverless Cars, Inc., because of alleged defective brakes on the car rented by it and for the reason that, so plaintiff contends, Laurent, the person to whom the car was rented, had no driver's license, as required by city ordinance, and was inexperienced and incompetent.

Plaintiff was in the employ of the Board of Commissioners of the port of New Orleans commonly known as the "Dock Board," and, as his injuries were sustained in the course of his employment, the "Dock Board" paid him compensation, and also paid his hospital and other expenses, and intervened in this suit, asking that, out of any sum awarded plaintiff, the amount of these expenditures, to-wit, $59.87, be returned to it. In the court below judgment was rendered in plaintiff's favor against Laurent for $200, but the suit as against Driverless Cars, Inc., was dismissed. Apparently through oversight, the intervention of the "Dock Board" was not adjudicated upon.

As Laurent has not appealed from the judgment against him, that judgment is final.

In considering the liability vel non of Driverless Cars, Inc., we deem it advisable to first dispose of the charge that the brakes of the car were defective. This is solely a question of fact, and our examination of the record convinces us of the correctness of the finding of the trial court to the effect that "the auto in question was in good condition at the time of the collision."

Since the car was in good condition, the question arises whether the negligence of Laurent in operating the car would render the owner thereof liable.

If an automobile could be classed as an inherently dangerous agency, then there might be some force to the argument that an owner is liable for the damages caused thereby in the hands of a careless borrower or hirer. But, as was said by this court in Lanauze vs. A. Baldwin & Co., Limited, etc., 2 La. App. 345:

"There was a time, perhaps, when automobiles were regarded as ferae naturae. The man on the street or on the road regarded them as a dangerous toy of the predatory rich, and this sentiment was reflected in the courts, whose decisions indicated a disposition to hold the owners responsible as possessors of dangerous instruments. Now, 'everybody has an automobile and every nigger a Ford,' and the situation is different. * * *"

To the same effect, this court said in Bardt vs. Champon, 6 La. App. 763:

"Mere ownership of an automobile does not make one legally liable for the damage it causes while being operated by another, who is not an agent or employee of the owner."

Since an automobile, though not an inherently dangerous agency, may become such if intrusted to incompetent hands, it follows that the owner lending or renting his car must make reasonable investigation to determine whether or not the borrower or renter is an ordinarily competent operator.

In Baader vs. Driverless Cars, Inc., 10 La. App. 310, 120 So. 515, we held this same defendant liable for the damages caused by one of its cars while being operated by an intoxicated person, but that was because there the collision occurred so shortly after the renting of the car that we felt that the driver could not have become so highly inebriated unless, at the time of the renting of the car, he had made substantial progress towards complete intoxication. We therefore felt that the slightest investigation on the part of the defendant would have disclosed his condition. Here the facts are that no evidence of intoxication was present, and the competency and experience of Laurent are attested by the fact that he had previously rented cars from the defendant on at least four occasions, and had always returned the cars without accident of any kind. Defendant, therefore, had knowledge of the fact that Laurent was at least an ordinarily competent operator of motor vehicles, and, having this knowledge, there was no necessity for it to make a further examination or investigation before renting the car.

The sole remaining point to be disposed of is the legal effect on a civil action of the failure of defendant to require of Laurent the production of a driver's license issued by the city authorities. It is true that in the Baader case, to which we have above referred, we held that the failure of defendant to inquire as to the existence of a driver's license was evidence of indifference on their part; but we did not intend that holding to establish the doctrine that the failure to exact the production of a driver's license ipso facto renders the lessor or the lender of the car liable in a civil suit. On the contrary the law seems to be well settled, as stated by Berry on Automobiles (6th Ed.) sec. 227:

"While the failure of a person to perform a duty imposed upon him by statute or ordinance is sufficient evidence of negligence on his part, nevertheless, such neglect, however illegal, in the absence of evidence showing it to have been a proximate cause of the injury complained of, furnishes no legal ground for complaint."

It is very evident that the absence of a driver's license in this case had no causal connection with the subsequent accident. The evidence shows that Laurent had obtained licenses on several occasions in the past, and had, in fact, been driving automobiles in New Orleans for many years, having been employed as a taxicab driver for Toye Bros. Taxicab Company, and having also operated delivery cars for the D. H. Holmes Company, the Parcel Transfer Company, and the New Orleans

Transfer Company. It is manifest that by the expenditure of $1 he could easily have obtained a driver's license. We are of the opinion that, in a matter of this kind, the lender or the lessor of automobiles may relieve himself from possible subsequent liability by making a reasonable investigation as to the competency of the driver, or by accepting, in lieu of his own investigation and in the absence of actual knowledge of incompetency, the certificate issued by the city authorities that the person presenting it is competent. The adoption of either of these courses is sufficient.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, and that there now be judgment on the intervention in favor of Board of Commissioners of the Port of New Orleans, and against Sidney P. Laurent, in the sum of $59.87, with interest from date of judicial demand, and with preference over all other claims or interventions, and for all costs.

Judgment amended and affirmed.