### MASSONY et al. v. TRUETT NASH MOTOR CO., Inc., et al.

### No. 16723.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1938.

Fred A. Middleton and Sidney I. Goldman, both of New Orleans, for appellants.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellees.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining exceptions of no cause of action. The petition alleges that on the 3d day of May, 1936, while Dr. Massony was driving his Dodge sedan, in which his wife was a guest passenger, it collided with a Lafayette sedan owned by the defendant Truett Nash Motor Company, Inc., and, at the time of the accident, driven by A. B. Bush, a prospective purchaser of the car, who was using it with the authority and consent of the owner; that the accident was due entirely to the negligence and fault of A. B. Bush; that as a result of the collision Mrs. Massony was injured and Dr. Massony's car demolished. The sum of $674.50 is claimed by Dr. Massony, and $5,000 by Mrs. Massony as damages, for which amounts, it

is contended, the defendant Truett Nash Motor Company, Inc., and its insurance carrier, Employers' Liability Assurance Corporation, Limited, are responsible in solido, and judgment is prayed for accordingly.

The alleged liability of the defendants is based upon the doctrine of respondeat superior; the contention being that Bush was acting as the agent of the owner of the car at the time of the collision.

While this cause was pending in the trial court, the Supreme Court refused a writ of certiorari which had been applied for in Graham v. American Employers' Insurance Company, La.App., 171 So. 471, decided by our Brethren of the Second Circuit, upon the ground that the judgment was correct. We are informed by counsel for plaintiffs that during the pendency of the application for certiorari it was agreed between counsel that the decision in the Graham Case would be decisive of the issues presented here. The Graham Case held that a prospective purchaser of an automobile who had been intrusted with it and given authority to use it was not an agent of the owner, and the owner and its insurer were not liable for injuries to a guest passenger resulting from a collision caused by the prospective purchaser's negligence.

It is conceded, as well it might be, that this holding is destructive of the claim of plaintiffs in so far as it is made to rest upon the doctrine of respondeat superior, but, says counsel, since the trial below they have discovered a rider attached to the policy of insurance issued by the underwriter to the owner of the Lafayette automobile which had previously escaped their attention and which, it is argued, distinguishes this case from the Graham Case in so far as the underwriter is concerned. The rider referred to reads as follows: "It is understood and agreed that this policy covers the assured as respects operation of the automobiles loaned by them to others".

■ The rider, like the policy itself, covers only "the assured"; there being no omnibus clause sometimes included in policies of this kind which protects those who use the car with the owner's consent. Counsel for the insurance company in their brief say that the purpose of this rider was to indemnify the insured against possible loss due to accidents caused by third persons driving their cars when the cars were grossly defective or the third persons "drunk, crazy or clearly incompetent." In other words, when it appears that the insured was previously negligent. If this be true, the rider added nothing to the risk covered by the policy itself, for such negligence would be comprehended by the coverage of defendant's business as the operator of a garage and sales agency. However, as we have said, the policy contains no omnibus clause and covers only the assured and its employees for whose acts the insured is responsible. There is no allegation in the petition of negligence on the part of the defendant automobile agency itself; the case as originally conceived and as presented below was made to rest upon the vicarious responsibility of the owner of the Lafayette automobile because of the alleged agency of the negligent operator of the car. Under certain conditions an underwriter is liable where the insured is not. Bougon v. Volunteers of America, La.App., 151 So. 797; Rome v. London & Lancashire Indemnity Company, La.App., 169 So. 132; Ruiz v. Clancy, 182 La. 935, 162 So. 734, but this case is not in that category.

■ Counsel direct our attention to Anderson v. Driverless Cars, Inc., et al., 11 La.App. 515, 124 So. 312, 313, where we held that an owner lending or renting his car "must make reasonable investigation to determine whether or not the borrower or renter is an ordinarily competent operator." We also held in Baadar v. Driverless Cars, Inc., 10 La.App. 310, 120 So. 515, that the lender of an automobile to a person visibly under the influence of liquor was responsible for the results of his reckless driving. Plaintiffs' counsel contend that in view of the holding in these cases it was the duty of the defendants to deny the incompetency or incapacity of the operator of the car and not that of the plaintiffs to allege his incompetence or incapacity. In our opinion this contention is erroneous. The defendants were not called upon to negative their negligence. Plaintiffs should have made whatever allegations of negligence upon which they rely to establish defendant's responsibility and set up a cause of action. There is nothing in the petition which suggests that the owner of the automobile which is alleged to have caused the collision resulting in the damage and injuries sustained by the plaintiffs was itself guilty of negligence.

■ Our conclusion is that the judgment maintaining the exceptions of no cause of action is correct. Consequently,

and for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.