**TOOLE et ux. v. MORRIS–WEBB MOTOR CO., Inc.**

No. 17261.

Court of Appeal of Louisiana. Orleans.

May 6, 1940.

Henry Wyman and R. A. Dowling, both of New Orleans, for appellants.

St. Clair Adams & Son, of New Orleans, for appellee Blankenship Motors, Inc.

McCALEB, Judge.

The plaintiffs, Mr. and Mrs. Richard Toole, originally instituted this suit against Paul E. Burns of Biloxi, Mississippi, and Morris-Webb Motor Company, Inc., of Gulfport, Mississippi, claiming $11,234 damages for the negligent killing of their minor son by an automobile operated by the defendant Burns. By supplemental and amended petition, the suit against Morris-Webb Motor Company, Inc., was abandoned and Blankenship Motors, Inc., of New Orleans, Louisiana, was instituted as co-defendant.

Plaintiffs allege that, on May 30, 1936, their minor son, Bernard Toole, was seated on the curbing of the sidewalk on Perrier Street in the City of New Orleans, when an automobile operated by the defendant Burns ran into and killed him; that Burns had purchased the automobile from Blankenship Motors, Inc., from which company he had obtained a set of dealer's number plates without which he could not have operated the car in the City of New Orleans; that it was well known to said Blankenship Motors, Inc., its agents and employees, at the time it loaned the license or number plates to Burns, that he did not know how to drive an automobile and that he was without knowledge of its mechanism.

Judgment was rendered against the defendant Burns by default and no appeal has ever been taken by him.

Blankenship Motors, Inc., filed an exception of no cause of action to plaintiffs' petition which was maintained by the trial judge and plaintiffs' suit was dismissed. From that decision, plaintiffs appealed to this court. The question presented by the appeal was whether an automobile dealer, who permits another to use his license plates for the purpose of driving an automobile owned by the latter, is responsible

to third persons for injuries sustained by them as a result of the negligent operation of the automobile where it appears that the dealer knew that the borrower did not know how to operate a car or was incompetent to do so. After a full review of the applicable jurisprudence, we answered this question in the affirmative, overruled the exception of Blankenship Motors, Inc., and remanded the cause to the district court for further proceedings. See 180 So. 431.

After the case had been sent back to the court below, the defendant Blankenship Motors, Inc., filed its answer in which it denied the material allegations of plaintiffs' petition. On the issue thus joined, the matter was tried on its merits and judgment was rendered in defendant's favor. The plaintiffs have appealed.

Since the law of the case has been fully determined by us in our first opinion, the only matter presented for our consideration on this appeal relates solely to the sufficiency of the proof produced by plaintiffs at the trial in support of the allegations of their petition.

At the trial, the plaintiffs offered evidence to show the manner in which the accident occurred—that is, that their child was in a position of safety and that Burns recklessly drove the automobile over the curbing, ran into him and killed him. This proof, which is not rebutted, may be regarded as being sufficient to authorize the conclusion that Burns was an incompetent driver and we will assume that such was the case in considering the liability of the defendant Blankenship Motors, Inc.

The only other evidence submitted by plaintiffs (excepting the statement of one Vega, which has no bearing on the issue) to support their claim against this defendant consists of testimony of two police officers, Archibald Lennie and Robert McCabe. These officers merely stated that, after the unfortunate accident, the automobile, which had been driven by Burns,

was brought to the Seventh Precinct Station; that there were no dealer's license plates on the car and that there was a piece of cardboard on the rear bearing the words "In Transit".

The foregoing evidence falls far short of the proof which was required of the plaintiffs to sustain the charges made in their petition. It was incumbent upon them to show (1) that Burns did not know how to drive an automobile or that he was an incompetent driver; (2) that the defendant company was fully acquainted with the fact that he was incompetent; and (3) that, notwithstanding its knowledge, it made it possible for him to drive the car over the streets of New Orleans by lending him its dealer's license plates for that purpose.

Aside from plaintiffs' utter failure to produce the necessary proof, the defendant company's evidence exhibits not only that it did not lend Burns its dealer's license plates but that its agents and employees were without any knowledge concerning his ability to drive an automobile. According to the defendant's witnesses, the automobile was bought by Burns from the Morris-Webb Motor Company, Inc., of Gulfport, Mississippi. At the time the sale was made, the Morris-Webb Motor Company did not have in stock the type of car purchased by him and, in order to make prompt delivery to him, it bought the automobile from Blankenship Motors, Inc., at wholesale price. Burns came to New Orleans and Blankenship Motors, Inc., acting on instructions from its purchaser, Morris-Webb Motor Company, delivered the car to Burns. The defendant was not required to investigate Burns' ability to drive a car. It had no connection whatever with him and merely followed the instructions of its vendee when it delivered the car to him.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.