104 So.2d 189 (1958)
Mrs. Donald Lee MORTON, et al., Plaintiffs-Appellants,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY, et al., Defendants-Appellants.
No. 8841.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1958.
*190 Smallenberger, Eatman & Morgan, Shreveport, for plaintiffs-appellants.
Browne, Bodenheimer, Looney & Richie, Shreveport, for Elmo Whitney and Bankers and Fire & Marine Ins. Co., defendants-appellants.
*191 Cook, Clark, Egan, Yancey & King, Shreveport, for American Employers Ins. Co., defendant-appellant.
Cook, Clark, Egan, Yancey & King, Shreveport, for Sam Busher, defendant-appellee.
GLADNEY, Judge.
The plaintiffs, Mr. and Mrs. Donald Lee Morton, brought this action ex delicto to recover damages and medical expenses occasioned by an accident in which Mrs. Donald Lee Morton and her eighteen months old child received personal injuries when an automobile driven by John T. Casey struck the parked motor vehicle occupied by Mrs. Morton and her two small children. Named defendants were Casey, Sam Busher and his liability insurer, American Employers Insurance Company, and Elmo B. Whitney and his liability insurer, Bankers Fire & Marine Insurance Company. From jury verdicts in favor of plaintiffs and against John T. Casey and the two insurers, the parties with the exception of Casey, have appealed.
On the evening of February 5, 1957, about six o'clock P.M., while Mrs. Morton and her two small children were parked on the shoulder of the highway near her home, Casey, who was in an intoxicated condition, negligently drove a Chevrolet automobile belonging to Elmo B. Whitney into the rear of Mrs. Morton's vehicle. Both cars were set on fire by the impact of the collision. Mrs. Morton received injuries to her left shoulder and arm and a whiplash type of injury to her neck. Donald Andrew Morton received minor injuries consisting of lacerations to his face and head.
The automobile driven by Casey was gratuitously obtained from Sam Busher, a used car salesman, when Casey presented himself to Busher as a prospective buyer shortly after one o'clock P.M. on the afternoon of the accident. Busher had previously received custody of the vehicle from Elmo B. Whitney, who delivered it, together with two other used automobiles for purposes of sale. Busher was insured by American Employers Insurance Company under the terms of a National Garage Liability policy with limits of $5,000 per person and $10,000 per accident, and Whitney was insured by Bankers Fire & Marine Insurance Company under the terms of an Automobile Garage Liability policy with limits of $10,000 per person and $20,000 per accident.
That the accident was due solely to the negligence of Casey is no longer questioned in this case. American Employers Insurance Company concedes its policy issued to Busher covered the automobile driven by Casey and it is, therefore, subject to liability as prescribed by the terms of the policy, but American contends that Bankers Fire & Marine Insurance Company also should be held liable under the terms of its policy issued to Whitney, and it urges further the quantum allowed for personal injuries in the decree is excessive. Bankers seeks to escape liability: first, by asserting Busher was not an agent of Whitney, but in fact, was an independent contractor with Whitney being the principal contractor; second, that Casey was not given permission by its insured to use the Chevrolet automobile, and consequently no liability arose under the omnibus clause of its policy; and third, that liability is excluded under its contract of insurance which restricts its coverage to vehicles located on the garage premises of Whitney, its insured.
Plaintiffs, appellants, assign error to the judgment in not casting Busher, this contention being predicated on a charge that Busher entrusted the Chevrolet to Casey with knowledge Casey was under the influence of liquor and incompetent to drive the vehicle, and that the latter's negligence is imputable to Busher. The evidence unquestionably shows Casey was intoxicated at the time of the accident about six o'clock P.M., but a close examination of the record does not establish to our satisfaction that *192 when Casey received the car from Busher shortly after one o'clock P.M. he appeared to be under the influence of liquor. Busher testified Casey gave no indication of intoxication at the time and he did not detect the odor of beer or liquor. His testimony on this issue was supported by that of Charles Martin.
The principle is well recognized in our jurisprudence that the lender of an automobile is not responsible for the negligence of the borrower unless he had knowledge of facts which indicated the borrower to be an incompetent operator. See: Baader v. Driverless Cars, Inc., 1929, 10 La.App. 310, 120 So. 515; Anderson v. Driverless Cars, Inc., 1929, 11 La.App. 515, 124 So. 312; Graham v. American Employers' Insurance Company of Boston, Mass., La.App.1937, 171 So. 471; Massony v. Truett Nash Motor Company, Inc., La.App. 1938, 177 So. 829; Serpas v. Collard Motors, Inc., La.App.1938, 178 So. 261. Conversely, if the evidence showed Busher knew or should have known Casey was under the influence of liquor at the time he turned over to him the Chevrolet automobile, Busher would be personally responsible. But such is not the evidence in this case and under the above settled principles of law, there was no error committed by the jury in absolving Busher of liability.
Whitney and Bankers are charged by plaintiffs with responsibility in that Casey received permission to operate the vehicle from Whitney, acting through and by his agent, Busher. Whitney and Bankers earnestly deny permission can be so implied. The transaction between Busher and Whitney was one which surely is not unusual in the used automobile business in which both Whitney and Busher were engaged. The Chevrolet involved in the accident was delivered by Whitney to Busher with the agreement Busher would sell the car and keep that part of the purchase price in excess of $300 for himself as profit. Busher did not purchase the vehicle from Whitney, but simply had authority to find a buyer for it. It was conceded by both parties no specified length of time was agreed upon in which the cars secured by Busher from Whitney were to be sold, or turned back, and either party could have called off the deal at any time. Busher did not receive a title certificate covering the Chevrolet and following the accident Whitney removed his other two vehicles back to his own sales lot. These facts, in our opinion, show quite clearly Whitney merely appointed Busher his agent or attorney for the purpose of selling the vehicle. In delivering the car in question to Busher, it was unnecessary for Whitney to expressly confer power to perform functions by his agent such as are customarily performed in the ordinary course of business without expressed authority. LSA-C.C. art. 3000 makes this point clear:
"Powers granted to persons, who exercise a profession, or fulfill certain functions, or doing any business in the ordinary course of affairs to which they are devoted, need not be specified, but are inferred from the functions which these mandataries exercise."
As a result of the agreement between Busher and Whitney, Busher was authorized to do the customary things necessary to bring about a sale of the automobile entrusted to him for that purpose and he was acting within the scope of his authority when he gave permission to Casey to operate the vehicle as a prospective customer. We find Whitney acting through Busher, impliedly gave permission to Casey to use the automobile. Bankers and Whitney argue further that the relationship between Busher and Whitney was not that of agent and principal, but, in fact, falls into the classification of an independent contractor and principal contractor. The contention is untenable in view of our findings above set forth, but cited in support of this contention is Amyx v. Henry & Hall, 1955, 227 La. 364, 79 So.2d 483. That case involved a workmen's compensation claim and is entirely inapposite for therein it was held the doctrine of respondeat superior applied, and *193 Amyx was held not to be an independent contractor. Our conclusion is as stated above, that Whitney and Busher as to the transaction between themselves, were principal and agent.
The final contention of Bankers Fire & Marine Insurance Company is that liability is excluded under the terms of its policy. Pertinent provisions of the policy in question, are:
"Division 1PremisesOperations Automobiles: The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes of (1) any automobile owned by or in charge of the named insured and used principally in the above defined operations, and (2) any automobile owned by the named insured in connection with the above defined operations for the use of the named insured, a partner therein, an executive officer thereof, or a member of the household of any such person."
"Definition of Insured: With respect to the insurance under coverage A, B and D the unqualified word `insured' includes the named insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."
The plain intent of these provisions, we think, is that the insurer's liability attaches to any automobile owned by and connected with the insured's business when used in its operations. The provisions expressly cover an employee while acting within the scope of his duties as such, and any person while using an automobile covered by the policy when the use of the automobile is by the named insured or with his permission. As pointed out above, Busher was authorized to perform such functions as were necessary to enable him to sell Whitney's automobile and Busher was acting within the scope of his authority when he gave permission to Casey to drive the car as the prospective purchaser. For these reasons, we find Bankers Fire & Marine Insurance Company should be held responsible with American Employers Insurance Company for the damages sustained by plaintiffs. Whitney should be excused from personal liability for the same reasons set forth above which justified the dismissal of plaintiffs' claims against Busher.
The defendants do not question the award made in favor of Donald Lee Morton for medical expenses and property damage incurred in the sum of $678.80. Plaintiffs ask the jury's verdict in favor of Donald Lee Morton, as administrator of the estate of Donald Andrew Morton, for $750, be sustained and the award in favor of Mrs. Donald Lee Morton be increased to the sum of $7,500, or to "an amount that will more properly compensate Mrs. Donald Lee Morton for the damage she has suffered * *". The defendants, with considerable merit, argue the award for injuries to Donald Andrew Morton should be reduced. Further, the defendants seriously urge the award in favor of Mrs. Morton should be reduced to $2,500.
There is no doubt the injuries to the eighteen months old Donald Andrew Morton were not of a serious nature and quickly healed. He received a cut over the eye, requiring two stitches and a cut on the head, which required six stitches. At the *194 time of trial there remained only a faint scar which the doctors were of the opinion the child would outgrow. The injuries were not of long duration and it is our opinion the award of $750 is excessive and should be reduced to $250. The injuries to Mrs. Morton were much more serious, and she, we are quite sure, was subjected to moments of tense anxiety before she could feel sure her children were safely away from the burning automobile. When her automobile was struck its rear end burst into flames and she alone had to rescue her children while she still was in a certain amount of shock from the impact of the two vehicles. She sustained injuries in the area of the shoulder and left arm with a severe sprain of the muscles of the neck described by the doctor as a "whiplash" injury. She was confined for a period of six days in a hospital. After returning to her home she continued to be treated for her injuries until about the first of July. Mrs. Morton received no broken bones or lacerations. She, no doubt, suffered a considerable amount of pain, especially from her neck, and at the time of trial she still complained of headaches brought on by her experience, but by November 15, 1957, she was able to begin employment with the General Electric Company. There was then no indication of any residual effects from the accident. It is our opinion a judgment for $3,500 in favor of Mrs. Morton is neither excessive nor inadequate.
Counsel for plaintiffs challenge the action of the trial judge in instructing counsel that unless the plaintiff, Mrs. Donald Lee Morton, enter a remittitur in the amount of $4,000, and thereby reduce the verdict of the jury from $7,500 to $3,500, a motion for a new trial would be granted, otherwise the motion would be overruled. A larger award than approved by the judge a quo, in our opinion, is clearly not warranted by the evidence. For this reason the complaint of counsel that the Court should not have directed a remittitur presents no actual issue, but is moot, and requires no further comment.
For the reasons hereinabove set forth, the judgment should be amended by reducing the award in favor of Donald Lee Morton, as administrator of the estate of his minor son, Donald Andrew Morton, to the sum of $250 and as so amended, the judgment is affirmed in all other respects. Plaintiffs are taxed with the cost of this appeal.