359 So.2d 323 (1978)
Victor and Marie PERKINS
v.
Henry DESROCHERS and Metairie Ford, Inc.
No. 9172.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
Rehearing Denied June 13, 1978.
Donald V. Organ, Roger J. LaRue, Jr., New Orleans, for plaintiffs-appellants.
Liskow & Lewis, Frederick W. Bradley, New Orleans, for defendant-appellee, Gentilly Dodge, Inc.
Before GULOTTA, BEER and GARSAUD, JJ.
GULOTTA, Judge.
The issue confronting us is whether or not the seller of an automobile has the legal duty to ascertain if the purchaser possesses a driver's license or to investigate if he is a capable and competent driver. We think not. See Toole v. Morris-Webb Motor Co., 180 So. 431 (La.App.Orl.1938); Toole v. Morris-Webb Motor Co., 195 So. 863 (La.App.Orl.1940), on remand.
Plaintiffs sustained injury in an auto accident and filed suit against defendant driver, Henry Desrochers, and Gentilly Dodge, Inc., a car dealer which, approximately six days prior to the accident, had sold Desrochers the vehicle he was driving at the time of the collision. From a judgment dismissing their suit against Gentilly Dodge, Inc., on an exception of no cause of action, plaintiffs appeal.
As reflected in the court's minutes, the trial judge indicated that he did not feel it was the duty of Gentilly Dodge to inquire into the competency of the driver of the automobile. We agree.
The petition, after alleging facts constituting the negligence of Henry Desrochers, asserts that Gentilly Dodge was negligent in selling a vehicle to the defendant driver without investigating whether or not that individual possessed a driver's license. In a supplemental and amending petition, plaintiff alleges: 1) that at the time of the sale Gentilly Dodge was informed that Desrochers *324 did not possess a driver's license; 2) that his driver's license had been revoked several years prior to the accident because of traffic violations; 3) that he was grossly incompetent and unable to responsibly handle a vehicle; 4) that without investigating this driver's history, Gentilly Dodge sold the automobile to him in disregard of the safety of the driving public; and 5) that the proximate cause of the accident was Gentilly Dodge's negligence in selling a vehicle to a purchaser whom it should have known was incompetent and in failing to investigate or take any steps to determine whether the purchaser was capable of handling the vehicle.
In support of their contention on appeal that the petition states a cause of action against the automobile seller, plaintiffs rely heavily on a line of cases which place the duty on the owner of a lending or renting automobile to make a reasonable investigation to determine whether or not the borrower or renter is a competent driver.[1]
We have no quarrel with this line of jurisprudence; however, we perceive a significant difference between the duty placed upon a rental agency or a lender of an automobile and the seller of a vehicle. Presumably, a person renting a vehicle is leasing for his own use and the car is still owned by the lessor. The lessor, therefore, has a vital interest in who will drive the rented automobile. Conversely, when a vehicle is sold, title passes at the act of sale and the seller has no further interest in the vehicle or its future drivers. An unlicensed purchaser may be buying the automobile for use by another person; or he may intend not to drive the vehicle until such time as he becomes licensed; or, conceivably, he may be purchasing for resale purposes only.
Indeed, if liability is placed on the seller, based on the allegations of the petition in the instant case, a Pandora's box of unanswered questions would be opened. For how long a period is the seller responsible for the actions of the purchaser? Would it be until he becomes licensed? Assume that the purchaser, subsequent to the purchase, is convicted of drunk driving or undergoes a personality change. Would we then say that had the seller made a more thorough investigation at the time of the sale these tendencies would have exhibited themselves? While the foregoing examples may be exaggerated, we think they serve the purpose of showing the untenable position of plaintiffs in seeking to assert a cause of action against the automobile dealer in the instant case.
As was stated in Toole v. Morris-Webb Motor Co., supra, at page 432:
"* * * It is not the business of the seller of an automobile . . . to inquire into the capacity of the purchaser to drive it any more than it is the obligation of the vendor of guns and ammunition to ascertain whether the purchaser is familiar with the use of the weapons. With this contention we quite agree. . . ."
Although in the Toole case the court concluded the petition alleged a cause of action against the automobile seller, in that case the dealer had supplied a license plate to the purchaser, without which the buyer could not have operated the automobile, in spite of the fact that the seller was aware that the purchaser did not know how to drive. The facts in the Toole case are strikingly different from those in our case. The court in Toole recognized the impracticability of placing a duty upon an automobile seller to inquire of a purchaser whether he is a licensed driver or competent to drive. This area of inquiry is none of the seller's business.
We are further persuaded to reach this conclusion by reference to existing statutory law. LSA-R.S. 32:417, in pertinent part, provides that it is unlawful to rent a motor vehicle to an unlicensed driver and that it is unlawful to employ an unlicensed person as a driver of a motor vehicle. Significantly, however, the statute neither prohibits the *325 sale of a vehicle to an unlicensed person nor imposes a legal duty on the seller to investigate whether a prospective purchaser has a driver's license. In the absence of jurisprudential or statutory authority, we cannot in the posture of this case impose such a duty. Should the legislature see fit to create restrictions on the sale of motor vehicles, then an appropriate new law or amendment of LSA-R.S. 32:417 can be enacted.
Under the circumstances, we conclude the trial judge properly maintained the exception of no cause of action. LSA-C.C.P. art. 934 provides, however, that when a peremptory exception, such as no cause of action, has been maintained, plaintiff is entitled to the opportunity to amend if the petition can be amended to assert a cause of action. In the instant case, according to plaintiffs, in argument, no additional facts can be asserted which were not urged in the original and supplemental petitions to allege a cause of action against the automobile dealer. Under the circumstances, a remand for the purpose of permitting an opportunity to amend would be a vain and useless act. Having so concluded, we affirm the trial court's judgment.
AFFIRMED.
GARSAUD, Judge, dissenting.
As plaintiffs alleged in their Second Supplemental and Amending Petition that Gentilly Dodge had actual knowledge that the purchaser of the car did not have a driver's license and as there appears to be no other party to whom or for whose benefit delivery would be made, I would remand for a trial on the merits. A duty surely exists on a car dealer not to hand a set of keys knowingly to an unlicensed driver for his benefit and not for another's. If plaintiff can prove these facts, in my opinion he is entitled to recovery.
NOTES
[1] See Anderson v. Driverless Cars, 11 La.App. 515, 124 So. 312 (Orl.1929); Davis v. Shaw, 142 So. 301 (La.App. 2d Cir. 1932); Bailey v. Simon, 199 So. 185 (La.App.Orl.1940). See also LSA-R.S. 32:417(B).