COVINGTON, Judge.
This is a devolutive appeal from a judgment of the district court dismissing the suit of plaintiff, Joseph G. Wenzel, Jr., with prejudice, and in effect maintaining the defendants’ exception of no cause of action.[1]
The suit was filed by Mr. Wenzel, in proper person, by petition labelled “Petition for Admission to the School of Veterinary Medicine at L.S.U. & Rule to Show Cause Why Plaintiff Should Not Be Eligible for Admission,” on December 11,1980. Named as defendants were “(1) L.S.U. under its legal corporate name (2) Dean Everett D. Besch and (3) The Faculty Committee on Admissions to the School of Veterinary Medicine, Baton Rouge, La. (4) Agents and employees of LSU.” The petition is so inar-tistically drawn that it is difficult to as *432 certain whether a cause of action is stated. Nevertheless, we can draw from the pleading that, the plaintiff claims to have been denied admission (or “readmission”) to “Veterinary Medicine” due to purported discriminatory practices of the defendants. It also appears that the plaintiff is seeking some kind of injunctive relief and/or damages. A show cause order was signed by the trial judge, setting the matter for a hearing on January 30, 1981.
The defendant answered, asserting that the true corporate defendant was “Board of Supervisors of Louisiana State University and Agricultural and Mechanical College;” that the plaintiff had applied for admission to L.S.U. School of Veterinary Medicine in 1973 and again in 1977, but was not accepted; that the plaintiff did not meet the minimum requirements for admission to the school; and that plaintiff has not applied for admission in the 1981 entering class. The pleading further averred that the plaintiff’s petition failed to state a cause of action and that plaintiff’s suit had prescribed by the lapse of one year from the denial of admission to him.
Thereafter, the matter came on for hearing on January 30, 1981, with the plaintiff represented by counsel, who had enrolled that morning as counsel for Wenzel. At the hearing on the rule, Dean Besch (who was named as a defendant) did not appear [2], and the defendants presented only documentary evidence. The plaintiff offered the testimony of the plaintiff Wenzel, and under cross-examination, the testimony of the acting dean of the school of veterinary medicine, John B. Tasker, and that of the head of the department of veterinary anatomy at L.S.U., Charles W. Titkemeyer.
At the close of the hearing the judge assigned the following oral reasons for judgment:
“This matter comes before the court on a petition filed by Mr. Wenzel against LSU, et al, wherein he is seeking an injunction to prohibit defendants from refusing him admittance to LSU. Among other things, alleging that he has been discriminated against and among other things, seeking a nominal amount of five hundred thousand dollars as damages, together with the rule nisi that was issued requesting defendants to show cause why Mr. Wenzel should not be admitted to the school of veterinary medicine for the fall of 1981.
“With regards to the rule nisi issued herein, the court will recall that rule inasmuch as the evidence is that Mr. Wenzel has not even made application for the fall of 1981, which is a prerequisite before one can be admitted.
“Further, with regards to the suit for damages, the court will sustain an exception of no cause of action, inasmuch as he has not made application for admission to 1981. The court is somewhat surprised that Mr. Wenzel would come into court with such a claim when he has not even attempted to comply with the rules applicable to the LSU School of Veterinary [Medicine], requiring the application to be filed for admittance.
“Mr. Wenzel put on no evidence whatsoever to show the court why he should be singled out as an individual who must not comply with the requirements to get into the School of Veterinary Medicine. The fact that he feels that he has been in graduate school, therefore, it would belittle him to have to go to undergraduate school to take necessary courses is foolishness.
“This court certainly sits for the purpose of administering justice to make sure that there is no discrimination against anyone to participate, not only in education but any other avenues of services that are available. However, it is obvious to the court that on this petition, and from the testimony, there has been no discrimination whatsoever against Mr. Wenzel but merely a petition, in my opinion, filed whereby he seeks favor or special privileges over others. I will not, certainly, consider that as an instance where a person is seeking legal redress in court.
*433 “For the oral reasons given, the court does recall the rule nisi and dismisses his suit — exception of no cause of action. “Judgment will be signed, accordingly.”
On February 3, 1981, the district court signed the following judgment:
“This matter came on for hearing on the rule to show cause of plaintiff, and the Court having found that the rule is without merit and that plaintiff’s petition fails to state a cause of action, the law and the evidence being in favor thereof, for oral reasons assigned:
“IT IS ORDERED, ADJUDGED AND DECREED that the rule to show cause issued herein to defendants, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Everett D. Besch, is hereby recalled and dismissed.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there is judgment herein in favor of defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Everett D. Besch, and against plaintiff, Joseph G. Wenzel, Jr., dismissing plaintiff’s suit, with prejudice, at plaintiff’s cost.
“JUDGMENT RENDERED in Open Court at Baton Rouge, Louisiana, on the 30th day of January, 1981.
“JUDGMENT READ AND SIGNED in Baton Rouge on the 3rd day of February, 1981.”
The trial judge, thus, had the effect of dismissing Wenzel’s petition on an exception of no cause of action, in addition to denying plaintiff’s rule. We affirm.
Plaintiff does not state a cause of action because he does not allege that he was an applicant for the 1981 class. Plaintiff fails to set forth any legal or factual basis for challenging the admission requirements of L.S.U. There are no factual allegations which would qualify as “well pleaded” allegations. The petition basically sets forth conclusions of law and facts and evidentiary facts, which allegations are not sufficient inasmuch as it is material facts set forth in the petition upon which a cause of action must be based. LSA-C.C.P. art. 891; Farrell v. Farrell, 275 So.2d 489 (La.App. 1 Cir. 1973).
Under LSA-C.C.P. art. 934, the trial court must permit an amendment if the grounds of the objection may be removed by the amendment. However, if the grounds cannot be removed, the action shall be dismissed. The right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act. Perkins v. Desrochers, 359 So.2d 323 (La.App. 4 Cir. 1978). In the instant case, there is no way for the appellant to correct the deficiency.
Therefore, for the foregoing reasons, the judgment is affirmed at appellant’s cost.
AFFIRMED.

. The judgment also recalled and dismissed the plaintiffs rule to show cause.

. Dean Besch was out of the state on sabbatical leave.