NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-662

DAVID L. SEPULVADO, ET UX.

VERSUS

CANE RIVER INVESTMENTS, L.L.C., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 80,317
HONORABLE DEE ANN HAWTHORNE, PRESIDING
\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Oswald A. Decuir, Judges.

AFFIRMED.

Robert L. Salim
1762 Texas Street
Natchitoches, LA 71457
(318) 352-5999
COUNSEL FOR PLAINTIFFS/APPELLANTS:
        David L. Sepulvado and Ann Sepulvado

Keenan K. Kelly
Kelly & Townsend
137 St. Denis Street
P.O. Box 756
Natchitoches, LA 71458-0756
(318) 352-2353
COUNSEL FOR DEFENDANT-APPELLEE:
        Jan James

**Theodore J. Casten**
**Casten & Pearce, APLC**
**401 Edwards Street, Suite 2100**
**P.O. Box 1180**
**Shreveport, LA 71163-1180**
**(318) 221-3444**
**COUNSEL FOR DEFENDANT-APPELLEE:**
      **Cane River Investments, LLC**

**COOKS, Judge.**

Plaintiffs appeal the trial court's judgment granting the Defendants' Exception of No Cause of Action and dismissing their lawsuit. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 4, 2006, Heather Norris purchased a 2007 Dodge Ram truck from Varsity Dodge-Chrysler-Jeep in Natchitoches Parish. On the same day (after the purchase), Bobby Norris, the husband of Heather Norris, was operating the newly purchased 2007 Dodge Ram truck with Phillip Sepulvado occupying the vehicle as a guest passenger. Mr. Norris ran off the side of the road and lost control of the vehicle. It rolled over several times before coming to a rest. Phillip Sepulvado died from the injuries he suffered in the accident. At the time of the accident, Mr. Norris was intoxicated and was negligent in failing to maintain control of the vehicle.

The Plaintiffs, David and Ann Sepulvado, filed a wrongful death action seeking to recover damages for the death of their son Phillip. Plaintiffs sued Heather Norris, Bobby Norris, and Safeway Insurance Company, the insurer of the vehicle. Plaintiffs compromised their claims against these Defendants. Also named as Defendants were Jan James and Cane River Investments, L.L.C., d/b/a Varsity Dodge-Chrysler-Jeep (hereafter Varsity Dodge). In their petition, Plaintiffs specifically alleged Varsity Dodge is liable for the actions of Jan James through the doctrine of *respondeat superior*. Plaintiffs also alleged that the Norris vehicle was fraudulently purchased from Varsity Dodge by Heather Norris with the help of its employee, Jan James, who together "conspired to forge the name of Martha Foshee to illegally purchase the said vehicle."

Varsity Dodge filed a Peremptory Exception of No Cause of Action and/or No

Right of Action, contending Plaintiffs failed to allege sufficient facts which would establish a cause of action against it and further failed to show Varsity Dodge owed any duty to the Plaintiffs. Defendant Jan James subsequently filed similar exceptions. Arguments were heard on the exceptions and the trial court granted Defendants' Exception of No Cause of Action dismissing the claims against Varsity Dodge and James with prejudice. This appeal followed.

## ANALYSIS

The courts have stated the function of the exception of no cause of action as follows:

> The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. In other words, the exception pleading the objection of no cause of action, tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. In ruling on the exception, the court must accept all well-pleaded allegations of fact as true. No evidence may be introduced to support or controvert the objection of no cause of action. La.Code Civ.P. art. 931.

*Teche Fin. Servs., Inc. v. State, Dep't of Pub. Safety, Office of Motor Vehicles*, 06-250, pp. 2-3 (La.App. 3 Cir. 9/27/06), 939 So.2d 650, 652 (citations omitted).

Plaintiffs alleged in their petition that Heather Norris and Jan James, an employee of the dealership, conspired to use a fraudulent signature to facilitate the purchase of the vehicle. For the purposes of the exception of no cause of action, the pleadings in the petition are presumed to be true. Even accepting this allegation as true, Defendants contend there was no duty owed by the dealership for the acts or omissions which caused the Plaintiffs' damages in this wrongful death case. We agree.

While Defendants may have owed a duty, either to the lender or the third party forgee to refrain from placing forged signatures on purchase agreements, there is no

such duty owed to a complete stranger to the transaction. The trial court did not err in finding the duty to ensure that such signatures are valid extends only to those parties directly affected by the actual purchase of the vehicle. In the present case, Mr. Sepulvado was a guest passenger in the vehicle and was not involved in the purchase of the vehicle in any way. Mr. Norris, the driver of the vehicle, was also not present when the alleged fraudulent signature occurred. Moreover, Mrs. Norris, who was involved in the alleged forgery, was not driving or riding in the vehicle at the time of the accident. As the trial court stated, it is "far too attenuated to impose a duty on behalf of a car dealership and its employees for an accident killing the guest passenger of the original buyer's intoxicated husband. Succinctly stated, the facts alleged in this petition show that this accident was solely the fault of Bobby Norris for failing to maintain control of the vehicle, and this accident was not the fault of either defendant."

The jurisprudence supports the trial court's finding. In *Perkins v. Desrochers*, 359 So.2d 323 (La.App. 4 Cir. 1978), the plaintiff filed suit against an automobile dealership based on an accident that occurred six days after the defendant-driver purchased the vehicle from the dealership. The plaintiff therein initially contended the dealership was negligent for selling the vehicle to the defendant-driver without investigating whether he had a valid driver's license. The petition was amended to state the dealership knew the defendant-driver did not have a valid driver's license because his license had been revoked for numerous traffic citations; and, the dealership sold the vehicle in disregard of public safety which proximately caused the accident. The dealership filed an exception of no cause of action, which the trial court granted. In affirming the grant of the no cause of action exception, the court stated:

> [W]hen a vehicle is sold, title passes at the act of sale and the seller has no further interest in the vehicle or its future drivers. An unlicensed purchaser may be buying the automobile for use by another person; or he may intend not to drive the vehicle until such time as he becomes licensed; or, conceivably, he may be purchasing for resale purposes only.
>
> Indeed, if liability is placed on the seller, based on the allegations of the petition in the instant case, a Pandora's Box of unanswered questions would be opened. For how long a period is the seller responsible for the actions of the purchaser? . . . Assume that the purchaser, subsequent to the purchase, is convicted of drunk driving or undergoes a personality change. Would we then say that had the seller made a more thorough investigation at the time of the sale these tendencies would have exhibited themselves? While the foregoing examples may be exaggerated, we think they serve the purpose of showing the untenable position of plaintiffs in seeking to assert a cause of action against the automobile dealer in the instant case.

*Id.* at 324.

The facts in this case are even more attenuated than those noted in *Perkins*. Here, it is not the purchaser who was driving drunk, but a guest driver who was not even a party to the purchase of the vehicle.

Plaintiffs cite the case of *Fugler v. Daigle*, 558 So.2d 246 (La.1990), in support of their argument. However, that case presented facts which are clearly distinguishable from those occurring in this case. In *Fugler*, the dealership sold a car to an obviously intoxicated purchaser who immediately drove the car off the lot and was involved in an accident. In overturning the dismissal of the action and remanding for trial on the merits, the court noted it was "the act of placing a driver on the road, with full knowledge of his condition and with control over the vehicle, which is to be driven, that forms the basis of liability." *Id.* at 246. Obviously the dealership in the present case had no knowledge of the condition of the purchaser's husband, and had no involvement whatsoever in placing him "on the road." On the contrary, the reasoning in *Fugler* supports the trial court's finding that Plaintiffs' petition did not set forth a cause of action against Defendants.

Plaintiffs also contend the trial court erred in not allowing them an opportunity to amend their pleadings to set forth a cause of action. The trial court believed to do so would be a "futile endeavor" as the "respective positions of the parties do not and cannot give rise to any duty to protect Mr. Sepulvado from this accident." We agree. "The right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act." *Perkins*, 359 So.2d at 325. As the trial court found, there simply is no duty on the part of an automobile dealership to guard against future automobile accidents resulting from the negligence of third parties considering the well pled circumstances in this case.

### DECREE

For the above reasons, the judgment of trial court granting the Exception of No Cause of Action is affirmed. Costs of this appeal are assessed to Plaintiffs-Appellants.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**

-5-