REID, Judge.
This suit instituted by Frances Karras and her husband, Thomas Karras for her personal injuries and resulting medical expenses, arises out of an accident which occurred March 17, 1961 at approximately 7:45 A.M. at the corner of Marquette Street and Government Street in the City of Baton Rouge. The intersection is of the “T” type with Government Street running East and West and Marquette Street running to the North from Government Street. The plaintiff Frances Karras was a policewoman whose duty it was to direct and aid children crossing the street to school on Marquette Street. Immediately prior to this accident she was at her post on the northwest corner of the intersection of Marquette and Government Streets. Defendant Nolan J. Keller was driving his automobile south on Marquette Street and was intending to turn west or right on Government Street. As he approached the intersection there was traffic on Government Street and he came to a stop in order to allow same to clear. The defendant was watching traffic which was proceeding west on Government Street and therefore his eyes were in an easterly direction. When he saw a vehicle about to turn north into Marquette Street he put his car in motion to enter Government Street. The defendant’s automobile had traveled only three or four feet and was proceeding very slowly when contact was made with the plaintiff who had walked into the Street in order to assist a child in crossing Marquette Street from east to west. At this time Mrs. Karras was directly in front of his car and in an effort to draw the driver’s attention to herself and prevent his running into her she struck the hood of defendant’s automobile. Upon hearing this noise defendant looked up, saw her and immediately stopped his car. The impact was very light and Mrs. Karras was not knocked off of her feet.
Plaintiffs brought this action against the owner and operator of the automobile, Nolan J. Keller and his public liability insurer, Anchor Casualty Company. The City of Baton Rouge intervened in the suit to recover workman’s compensation damages paid to Mrs. Karras as a result of the accident. From a judgment dismissing their demands, plaintiffs prosecute this appeal.
The defendants assert that Mrs. Karras received no injuries whatsoever as a result of the accident, that the accident was in no way caused or contributed to by the defendant and that if defendant did cause or contribute to the accident the plaintiff was guilty of contributory negligence that would bar her recovery.
The record is absolutely clear that the plaintiff did receive injuries as a result of this accident, although they were slight. It is also clear that the defendant was looking to his left and did not look back to his right before putting his car into motion in order to make his right turn into Government Street. All of the witnesses who had any knowledge of the fact testified that this was the situation. Defendant testified that he had seen the plaintiff, a policewoman in her uniform, on the corner to his right when he brought his vehicle to a stop in order to allow the Government Street traffic to clear. He further testified he was there some seconds or a minute, or possibly two, before the clearing took place. It is obvious, therefore, that his failure to ascertain that the road immediately in front of him was clear before putting his car into motion was negligence which caused the accident.
The real issue before this Court is whether Mrs. Karras was guilty of contributory negligence which would bar her recovery.
In determining the negligence, if any, of the plaintiff two facts are of prime importance. First, the plaintiff was in a pedestrial cross-walk at the time of the accident, and from the record it is clear that she was at least half way across the defendant’s lane of traffic before he put his car in motion. Secondly, the plaintiff was a policewoman employed by the City of *917 Baton Rouge and was at the time of the accident dressed in her uniform which is easily recognized. In fact, the defendant admits seeing her prior to making his stop at the corner. The plaintiff testified that she raised her left hand (the side of her body nearest defendant’s automobile) with the palm out toward the defendant as she entered the street to cross same.
In the opinion of the Court this is sufficient action on the part of the plaintiff to relieve her of any negligence which she might otherwise have been guilty of. Certainly, it placed the defendant’s automobile under her control and it was the duty of the defendant to look ahead and ascertain that the road was, in fact, clear before he began making his turn. Had he ■even casually glanced ahead he would have seen the policewoman and her signal commanding him to remain stationary.
One of the basic purposes of stationing traffic control guards at and around schools is to create in the mind of the driving public an additional sense of caution and •carefulness. Were this Court to hold that the defendant were not negligent in failing to look at the traffic control officer it would be tantamount to a holding that the officers placed in our school zones could be disregarded with impunity.
This Court is cognizant of the weight that should be given to the finding of fact by the Trial Judge and these findings have been given careful consideration. Our learned brother found that the defendant was looking to his left and did not look forward before putting his car in motion. Further, he found that the policewoman was attempting to help a small boy across the street when she entered same in front of the defendant’s stopped automobile. He found that the defendant had not seen Mrs. Karras prior to his placing the car in motion. We feel, however, that he reached the wrong conclusion as to the negligence of the plaintiff based upon these findings of fact for the reasons as stated above. With respect to the question of quantum the special damages suffered by the plaintiff, Thomas Karras, husband of the injured policewoman, including medical bills and lost earnings, are in the amount of Two Hundred Sixty Two and 6Jioo ($262.61) Dollars. Of this amount Two Hundred Four and 8%oo ($204.86) Dollars has been paid by the City of Baton Rouge as workman’s compensation benefits and to which it is entitled in priority to the plaintiff.
Mrs. Karras suffered contusions and sprain of her left wrist and arm which was placed in a splint for a short period. Medical opinion was unanimous that no permanent disability would result. We feel that based upon the medical evidence and upon the very light impact involved that an award of Five Hundred ($500.00) Dollars to the plaintiff, Mrs. Karras, for physical and mental pain and suffering is justified and appropriate.
For these reasons it is ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be reversed and that plaintiff, Thomas Karras, have and recover judgment in his favor in the amount of Two Hundred Sixty Two and eJioo ($262.61) Dollars against the defendants Nolan J. Keller and the Anchor Casualty Company and that the intervenor, The City of Baton Rouge, be entitled to the amount paid by it to Mrs. Karras as workman’s compensation in the amount of Two Hundred Four and 8%oo ($204.86) in preference to the claim of Thomas Karras.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Frances Karras, have and recover judgment in her favor and against the defendants, Nolan J.Keller and Anchor Casualty Company in the sum of Five Hundred ($500.00) Dollars. Both awards to bear legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED that defendants pay all costs of this suit.
Reversed and rendered.