SAVOY, Judge.
This is an action in tort instituted by plaintiff, individually, and on behalf of his minor daughter, Ethel Marie Doga, against the insurer of a car belonging to Leon Joseph, for property damage to his car and for personal injuries to his minor daughter because of an intersectional collision between the car belonging to plaintiff and driven by his minor daughter and a car owned and driven by Leon Joseph. After a trial on the merits, judgment was rendered in favor of plaintiff, and defendant has appealed from said judgment.
The record reveals that at approximately 8:00 P.M. on March 4, 1962, the minor named above was driving her father’s 1957 Ford in a southerly direction on North Coreil Street in the City of Ville Platte, Louisiana. She was alone in said vehicle. Leon Joseph was driving his car in a westerly direction on LaSalle Street in the City of Ville Platte, Louisiana. Joseph had five (5) guest passengers in his car. As the car driven by the minor and the one driven by Joseph reached the intersection of the above named streets, a collision occurred; the car driven by the minor striking the Joseph vehicle. The intersection is controlled by a semaphore or red and green traffic light, which also has an amber signal.
Both parties involved in the accident testified that when they entered the intersection, the light was green for the respective parties.
The trial judge, in his written reasons for judgment, found that the light was green when the minor entered the intersection. He also found that Joseph had been drinking at the time of the accident, and *713 that he was later charged with driving while intoxicated. He also discredited the testimony of the witnesses for defendant as being evasive and inconclusive.
Counsel for appellant argues that the minor was negligent, which would bar plaintiff from recovery in this suit, because she testified that she saw the Joseph car when she was two (2) or three (3) car-lengths from the traffic light and then proceeded into the intersection without again looking in the direction of the Joseph car. This contention is without merit.
In Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919, the court made the following statement:
“Since Adams was proceeding on a favorable light under a semaphore system, he was not held to the same degree of care and vigilance as if no such system prevailed. [Kientz v. Dennery, La.App., 17 So.2d 506; 209 La. 144, 24 So.2d 292, 295], Kientz v. Dennery, supra; Cf. Breaux v. Allstate Insurance Co. of Chicago, 232 La. 845, 95 So.2d 333. He had the right to assume that the signals were .understood and would be obeyed by the motorist driving on the unfavored light. Under such assumption, we do not find that Adams was negligent in not looking at the traffic which was presumed to be stopped for the red light.”
The district judge has the duty of determining which car entered the intersection when the light was favorable to him or her. This he has done. He has heard and observed the witnesses and has chosen to believe the plaintiff’s witness’ version of the accident rather than believing the defendant’s witnesses. After examining the record, this Court is of the opinion that there is sufficient evidence to warrant the finding of facts which he has made.
Counsel for defendant next complains that the awards made by the judge for property damage to plaintiff’s car and the. injuries suffered by his minor daughter are excessive.
The trial judge awarded plaintiff the sum of $812.50 for damages to his car. The court found the car was worth $912.50 before the accident and had a salvage value of $100.00 after the accident. Two (2) new car dealers testified on behalf of plaintiff. They placed a value on the car at between $850.00 and $975.00. Plaintiff had a new motor installed in the car several months prior to the accident at a cost of $325.00.. Plaintiff testified he sold the car after the accident for $100.00. The witness for defendant admitted that it would cost in excess of $600.00 to repair the car, and that there might be some defects which might develop later on which could increase the costs of repairing said car. We find no. error in the value placed on the car by the trial judge because of the accident.
The judge awarded plaintiff $1,750.-00 for injuries sustained by his minor daughter because of the accident, and for pain and suffering. There is no controversy about the doctor and hospital bills.
Dr. Gardnel A. Sylvester saw the minor shortly after the accident. She was brought to a hospital in the City of Ville Platte, Louisiana. He found the patient in neu-rogenic shock. She had contusions and abrasions of the left hip and flank, with tenderness of the abdomen. He prescribed tranquilizers because the patient was upset emotionally. She stayed in the hospital for one (1) week. She had ecchymosis (blue-black discoloration of skin) of the hip for about three (3) weeks after the accident.
Counsel for both parties have cited numerous cases on the subject of quantum. After examining the cited cases, this Court is of the opinion that the award is neither excessive nor inadequate.
For the reasons assigned, the judgment is affirmed at appellant’s costs.
Affirmed.