CHASEZ, Judge.
Plaintiff, Fred C. Memleb, Jr., seeks to recover damages for personal injuries suffered in an intersectional collision between a car driven'by him and one driven by Gwen Ann LeBlanc, an insured under an automobile liability policy issued by defendant, Allstate Insurance Company.
From a judgment for $634.00 in plaintiff’s favor, defendant appeals.
The accident occurred at about 2:30 p. m., on December 24, 1962, at the intersection of Marais and Touro streets in New Orleans. The intersection is a blind one, and there are no traffic signs or signals controlling traffic passing through it.
Plaintiff testified he was driving east on Marais at 18 miles per hour, and that he slowed down for the intersection, glanced each way, saw no traffic coming from either direction on Touro, and proceeded to cross the intersection. As he entered the intersection he saw defendant’s insured’s car approaching from his right, travelling north on Touro street. He testified that the two girls in that car were engaged in conversation, and neither was looking forward. That car struck him on his right side at the rear fender.
*865 Plaintiff further testified that he and Miss LeBlanc called their fathers to the scene by telephone, and that in discussion among the fathers, the two girls and himself, Miss LeBlanc admitted she was driving about 35 miles per hour. Plaintiff’s father testified that, during those discussions, it was “brought up” that defendant’s insured was driving about 35 miles per hour; that Miss Paula LeBlanc, the passenger in defendant’s insured’s car, made the statement that Miss Gwen Ann LeBlanc was driving about 35 miles per hour.
Miss Gwen Ann LeBlanc, the driver of the car insured by defendant, testified she first saw plaintiff’s car when it was about five feet from the intersection, and about 10 or 15 feet from her car; that she applied her brakes, but was unable to avoid striking plaintiff’s car. She denied having made any statement about driving 35 miles per hour; she said she made no statement concerning speed. She was not asked how fast she was going; her only statement in the record is that she was not in a hurry; she was simply driving to her grandmother’s house and had no special time to be there.
Neither the father nor the sister of defendant’s insured was called to testify, although the sister, Miss Paula LeBlanc, was at the court at the time of the trial.
Defendant argues that plaintiff’s negligence, especially in failing to yield the right of way to a vehicle approaching from his right, was the sole cause of the accident, or at least constituted contributory negligence.
In our view of the evidence, the controlling factual aspect of this entire case is the speed of defendant’s insured’s car. If defendant’s insured was driving at a lawful rate of speed of 20 miles per hour or less, she would be entitled to rely on the assumption that drivers entering intersections from her left would yield the right of way to her; Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963). Moreover, as we view this case, the only escape from contributory negligence for plaintiff is a showing of excessive speed on the part of defendant’s insured. If she were driving within the limit, plaintiff should have so approached the blind intersection as to have been able to see her and thus yield; whereas if she were driving at 35 miles per hour, he might have looked sufficiently to have seen someone approaching at 20 miles per hour, yet not have seen her, who would have been further away. Defendant, of course, bears the burden of proving the defense of contributory negligence.
Plaintiff’s petition charged Miss LeBlanc with exceeding the speed limit; plaintiff and his father testified she and her passenger admitted excessive speed. Yet defendant did not call her passenger, her sister, who was at the court, nor her father, who presumably could have been called.
Under the circumstances, we believe it appropriate to apply the presumption that the testimony of the father and sister would have been unfavorable to defendant; Succession of Yeates, 213 La. 541, 35 So.2d 210 (1948); Vaughan v. Dowling, 243 La. 390, 144 So.2d 371 (1962). We conclude that the girls did state, almost immediately after the accident, that defendant’s insured was driving about 35 miles per hour; and that in fact defendant’s insured was driving at that rate of speed.
We further conclude that plaintiff acted reasonably in entering the intersection as he did, having first slowed down and looked to his right, preparatory to yielding the right of way to any vehicle which might have been approaching from the right. We conclude that either plaintiff would have seen Miss LeBlanc (and presumably would have stopped), or Miss LeBlanc herself could have stopped in time to avoid the accident, had she been travelling at a lawful rate of speed.
We are also of the opinion that the quantum fixed by the District Court is not excessive. The evidence indicates that plaintiff suffered pain in his bruised arm for *866 about seven months, and during the first two months after the accident pain was intense and frequent. That pain and suffering was apparently evaluated by the trial judge at $610.00, for which amount, together with $24.00 medical expenses, he gave judgment.
The District Judge, having heard and observed the witnesses, concluded that defendant’s insured was shown to have been negligent, and that plaintiff was not shown to have been contributorily negligent; and that accordingly defendant was liable for plaintiff’s damages, which the court fixed at $634.00. From our review of the record we see no reason to disturb that judgment in any respect.
The judgment appealed from is therefore affirmed at appellant’s cost.
Affirmed.