CULPEPPER, Judge.
This is a suit for damages arising out of a head-on collision between the automobiles driven respectively by the plaintiff, Mr. Hubert Boss, and the defendant, Mr. Jarmain Broussard. The trial judge held for the plaintiffs. Defendant, Jarmain Broussard, appealed. Broussard’s liability insurer, Marquette Casualty Company, is apparently now insolvent and did not appeal. Plaintiffs did not answer the appeal.
There is no dispute as to liability. The sole issue on appeal is quantum.
The recent much discussed cases of Gaspard v. LeMaire, 245 La. 239, 158 So. 2d 149 (1963) and its progeny, Ballard v. National Indemnity Company of Omaha, Neb, 246 La. 963, 169 So.2d 64 (1964), have established the rule that appellate review of the quantum of damages is .confined to determining whether there has been an abuse of the “much discretion” vested in the trial court. The amounts of awards in previous similar cases are relevant only to determine whether there has been an abuse of'this discretion.
The general facts are that on August 17, 1962 at about 2:30 a. m, Mr. Hubert Boss, with his wife and two' minor children as passengers, had stopped at a highway intersection. While so stopped, his vehicle was struck head-on by the Broussard automobile, which crossed into the wrong lane of traffic.
The trial judge awarded Mr. Hubert Boss the total sum of $2,958.18, of which about $1258 was special damages for medical expense and the value of the automobile, leaving about $1700 as the portion of the award for personal injuries to Mr. Boss. The expert medical testimony shows clearly that Mr. Boss received a “whiplash” injury to his neck, the symptoms being muscle spasm, limited motion and pain. Although he was never hospitalized, did not wear a neck brace, and did not actually lose any time from his work as a milk truck driver for the Borden Company, he did continue to have episodes of pain and muscle spasm, for which he received medical treatment, until about April of 1964, a period of about 18 months after the accident. Under these facts, the award to Mr. Boss was within the “much discretion” of the trial judge.
Mrs. Boss received a “whiplash” injury to the neck, a badly bruised right knee and minor cuts on her forehead. She was not hospitalized, but she had severe initial pain and was totally disabled for a period of six months. Thereafter, she continued to have episodes of pain in her neck, head and knee, for which she received medical treatment, including trac *336 tion, physical therapy and drug's, until at least January of .1964, a period of 17 months. At the trial on September 11, 1964, Mrs. Boss testified she was still having periodic pain. Under these facts, the award of $4500 to Mrs. Boss was within the discretion of the trial judge.
The minor child, Dale Boss, was awarded $500. He received lacerations and bruises of the mouth, and lost 2 temporary teeth and several others were loosened. We find no abuse of discretion by the trial judge as to this award.
The minor child, Bert Boss, received a large bruise on his back and was generally shaken up. The award of $200 for his injuries was within the range of the discretion of the trial judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant
Affirmed.