BARNETTE, Judge.
This appeal is from a judgment for damages in the sum of $1,500 in favor of .appellee Salvadore Pizzalota, on behalf of his minor daughter, for injuries sustained by her in an automobile accident. Appellant concedes liability, and the only issue on appeal is the quantum of damages. Defendant-appellant seeks a reduction to $300, and there is no answer to the appeal.
On the day after the accident the minor, Susan Pizzalato, aged sixteen, saw Dr. Emile Bertucci at St. Bernard General Hospital, complaining of moderate abdominal pain and shortness of breath. She returned to Dr. Bertucci as an emergency patient later the same day in a state of near hysteria, complaining of acute abdominal pain. After running an extensive series of tests, he diagnosed her problem as a severe contusion to the lower abdomen. She remained in the hospital for six days, and after discharge was not seen by Dr. Bertucci again.
Dr. Bertucci ordered the hospitalization in order to observe Miss Pizzalato because of her complaints of severe pain. The doctor, out of an abundance of caution, wanted to rule out the possibility of internal injuries. All examinations for such injuries were negative.
*364 The only other witnesses to testify on this subject were the minor and her mother. Mrs. Pizzalato testified that her daughter’s pains gradually subsided after a period of a few days, and she was satisfied when Susan left the hospital that she had no further complaint of pain. There was no testimony from Dr. Bertucci about further pains after the young lady left the hospital.
Miss Pizzalato testified that she had experienced severe recurrent pain in her •■abdomen after leaving the hospital in August, 1964, until shortly before the trial .'in Jun-e, 1965. She stated under cross-examination that she had seen quite a few doctors during that time, but they could •only identify her pain with the accident, •-and could not diagnose it. When asked to identify the doctors, she named a Dr. Hill on St. Claude Avenue and referred to a doctor at Touro Infirmary whose name she did not know. Neither of these doctors was called to testify.
There is nothing in the record to justify any conclusion other than that such abdominal pains as the young lady did have were the direct result of the accident. Neither is there any doubt that the injury was a very minor one. There were very few objective symptoms of injury; and there were no scars or other residual effects.
This court is fully aware of the opinions «f our Supreme Court in Ballard v. National Indem. Co., 246 La. 963, 169 So.2d 64 (1964), and Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and have made no attempt to arrive at a figure merely for the sake of uniformity of awards. However, we have considered the cases cited by appellant and appellee and other cases to determine if the award of $1,500 to this sixteen-year-old young lady is so excessive as to require a reduction. This was the principle applied by us in the recent case of Talley v. Employers Mut. Liability Ins. Co., La.App., 181 So.2d 784 (1965). Applying this principle here we are of the opinion that there was an abuse of discretion by the court below and that the award should be reduced.
Appellee has cited and relied upon Doga v. United States Fire Ins. Co., 151 So.2d 711 (La.App. 3rd Cir.1963), and Ford v. State Farm Mut. Auto. Ins. Co., 139 So. 2d 798 (La.App.2d Cir.1962). In the Doga case $1,750 was awarded a minor girl for injuries consisting of contusions and abrasions of the left hip and flank, with tenderness of the abdomen. Tranquilizers were prescribed because she was upset emotionally. She stayed in the hospital for one week and had ecchymosis (blue-black discoloration of the skin) of the hip for about three weeks after the accident. Her injuries apparently were more serious than those in this case.
In the Ford case a judgment of $3,000 was awarded a young girl who sustained shock and muscle spasm in the cervical and lumbar regions. Following her return home from the hospital she was in bed “some weeks.” She complained of nose bleed, headaches, eye discomfort, and some interruption of her menstrual cycle, but the doctor was of the opinion that these latter complaints were not necessarily connected with the accident.
In the same case there was another claimant, a minor girl, whom the doctor initially observed to be extremely apprehensive, crying, difficult to communicate with, and frightened. The fear and anxiety was caused by the accident, and there was some pain in her chest. The amount allowed for her injuries was $250.
Appellant has cited and relies upon Boss v. Broussard, 178 So.2d 334 (La.App. 3rd Cir.1965); Dyer v. Baton Rouge Coca-Cola Bottling Co., 155 So.2d 491 (La.App. 1st Cir.1963); Gilbert v. John Gendusa Bakery, Inc., 144 So.2d 760 (La.App. 4th Cir.1962); Patterson v. Hardware Mut. Cas. Co, 131 So.2d 147 (La.App.2d Cir. 1961); and Woods v. Hinton, 116 So.2d 208 (La.App.2d Cir. 1959).
In Boss v. Broussard, supra, an award of $200 was allowed for very minor in *365 juries to a youth consisting of being generally shaken up and sustaining a large bruise on his hack.
For acute gastroduodenitis, vomiting and nausea from a contaminated soft drink requiring three days hospital care, an award of $500 was allowed in the Dyer case.
In a more serious case of nausea and vomiting with abdominal pain caused by eating contaminated food requiring sixteen days hospitalization, this court found an award of $600 was adequate for a youth in the Gilbert case.
In the Patterson case $150 was awarded to a child who was mildly shaken up in an automobile accident. Complaints there of abdominal pains were similar to those in the instant case.
In the Woods case, $750 was awarded for bruises of the arm, hip and abdomen which the injured party claimed continued to the time of trial, eight months after the accident.
We have also considered comparable injuries in the following cases: Daigle v. Hardware Dealers Mut. Fire Ins. Co., 165 So.2d 643, 648 (La.App. 1st Cir.1964); Memleb v. Allstate Ins. Co., 163 So.2d 864 (La.App. 4th Cir.1964); Tuger v. Audubon Ins. Co., 152 So.2d 354, 360 (La.App. 1st Cir.1963); and Karras v. Keller, 148 So.2d 915, 98 A.L.R.2d 1166 (La.App. 1st Cir.1963).
It is our opinion reduction of the judgment to $500 for the very minor injuries sustained by Miss Pizzalato would do substantial justice and would be in harmony with the jurisprudence of the state.
The judgment appealed from is amended by reducing the award of damages to Salvadore Pizzalato on behalf of his minor daughter, Susan Pizzalato, from $1,500 to $500, together with legal interest thereon until paid. In all other respects the judgment is affirmed. Costs of this appeal shall be paid by plaintiff-appellee.
Amended and affirmed.