YARRUT, Judge.
This is a direct action against Defendant as the liability insurer of Henry W. Asher, Jr., operator of a Chevrolet automobile, following a collision on February 2, 1964, about 11:20 p. m. between a truck operated by Plaintiff and the Asher automobile, resulting in Plaintiff’s bodily injury.
The accident occurred in the 4300 block of Banks Street, New Orleans, when the truck, driven by Good, was backing out of a private driveway, 'preparatory to proceeding down Banks Street. Asher was driving his car on Banks Street in the neutral ground, or left lane, when his automobile crashed into the left rear door panel of Good’s truck.
*752 Each driver charged the other with negligence in failing to accord the other the right-of-wáy, and Asher additionally with excessive speed in driving on Banks Street without heed to the truck backing out in front of him.
The district judge decided in favor of Defendant, but gave no reasons for his judgment.
Banks Street is a paved thoroughfare with two opposite roadways, separated by a 4-foot elevated neutral ground strip, each roadway being 26 feet wide which, in effect, allows for one lane for curb parking and one and a half lanes from the neutral ground for passing traffic.
There was some effort to prove Asher had been drinking and was not sober at the time. The record shows that he did have two highballs earlier in the day. The officer who visited the situs after the accident testified Asher was normal and did not appear to be under the influence of liquor, and that he smelled no alcohol on him. A prominent public official who had attended a civic-social event with Asher shortly before the accident, and who drove home with Asher to the public official’s residence, testified that Asher, when he left his residence shortly before the accident, was normal and was not the least intoxicated. In fact, after the accident, Good apologized to Asher for having run into him while backing out his truck.
The law governing the duty-of vehicles driving out of private driveways is fully covered in the case of Strehle v. Giaise, La.App., 46 So.2d 685, that an automobile operator, who desires to drive from a private driveway onto a thoroughfare, must be extremely careful to make certain it is safe to do so and, if the automobile is being backed out onto the highway, the operator must be even more careful; that, as between an automobile on a private driveway, and another on a'public highway, the one on the public highway is entitled to the right-of-way; that, even though an automobile is being driven from a private driveway does not give the driver of the automobile on a public highway an absolute non-qualified right-of-way, but both drivers must act reasonably.
In the cited case, the lower court held that the automobile traveling on the main street running into the rear of the truck that was backing out, was alone guilty of negligence, because he was traveling at an excessive rate of speed, and should and could have seen the truck backing out, and avoided the collision. In other words, the driver of the automobile had the last clear chance to avoid the accident.
The difference between this case and the cited case is, that in the cited case there was no doubt that the truck had completely finished backing out and was heading-straight down the road when it was struck ; while in this case the wife of Mr. Good, who appeared on the scene shortly after the accident, testified as follows:
“Q. Which direction was the truck facing when you went out in the street after the accident?
’'A. The truck was facing like it was going to go back into the drive.”
Furthermore, in the cited case the automobile approaching on the right-of-way street was exceeding the speed limit; while in the instant case Asher was traveling 25 miles an hour in a 35-mile zone, and in the cited case the accident happened at 11:00 a. m., in the morning in bright sunlight; while the accident in this case occurred at 11:00 p. m., during a light rain.
The only two witnesses to the accident were the two drivers, Good of the truck, and Asher of the automobile. Good contends he had completely backed out into the neutral ground lane, shifted his gears, and was about to proceed down Banks Street when he was struck from the rear by Asher’s automobile. Asher states that he did not see the truck back out, but did see a white object ahead as it was backing *753 out. He could not tell how far away it was but as soon as he saw it, he put on his brakes and sought to avoid the collision by turning to the left, but without avail.
In view of the fact that it was almost midnight and raining, only the rear red lights of the truck, backing out of a private driveway, could be seen only partially. The headlights of the truck facing the driveway, from which it was backing out, never did appear in full view of Asher, even when the truck straightened out to go down Banks Street. A truck driver, backing out of a private driveway at night time, whose vision is necessarily hampered by the darkness and the size of the truck, has the duty of making sure there is no approaching traffic on the street adjacent to his driveway. He has a better chance to observe the headlights of the approaching automobile, than the driver of the approaching automobile has to see the truck’s red tail lights, that do not come into full view until the truck is on a straight line with him. From the evidence we must conclude, as the district judge did, that the truck driver (Good) backed into Banks Street at a time when it was unsafe to do so, and should and could have seen the headlights of the oncoming Asher automobile.
The photograph of the rear of the damaged truck shows that it has a door opening in the rear consisting of two panels, hinged on either side and meeting in the center. The right panel is closed without any damage, but the left panel was pushed in from the right to the left at the bottom, indicating that when the Asher automobile struck the truck, the panel truck was not directly in front of it, but its rear was at an angle in the neutral ground lane, just about to complete his backing out.
Accordingly, the judgment of the District Court is correct and is affirmed; Plaintiff to pay costs in both courts.
Judgment affirmed. .