YARRUT, Judge.
This is a companion case to No. 2319, 188 So.2d 751, handed down by this Court this day. The cases were consolidated for trial in the District Court, so the evidence taken governs both cases.
In this case Henry W. Asher, Jr., owner of a Chevrolet automobile, sued Lawrence Good, the driver, and Louis A. Guidry, the owner of the truck involved in the accident with Asher, Jr. The trial judge rendered judgment in solido against both Defendants, from which both have appealed.
In Case No. 2319, we concluded that the sole and proximate cause of the accident was the negligence of Defendant Good. The reasons for this conclusion, given in Case No. 2319, are adopted herein and made a part herof.
However, we find no liability on the part of the owner, Louis A. Guidry. Although Guidry was Good’s employer, it is not disputed that Good was on a mission of his own, and was not in the course and scope of Guidry’s employment at the time of the accident, even though he had Guid-ry’s permission to use the truck for his own account. The lender of a vehicle is not responsible for the negligence of the borrower, unless he had or should have had knowledge the borrower was physically or mentally incompetent to drive. Morton v. American Employers Insurance Co., La. App., 104 So.2d 189, and the cases cited therein. Since there is neither allegation nor proof of such knowledge on Guidry’s part, the judgment against him must be reversed.
*436 With regard to quantum: Plaintiff received contusions of the wrist and hand, from which he suffered for about a month, and for which he had to undergo sonic treatments. The District Court awarded $414.00 in globo. However, because the medical and other special damages were stipulated as' being $164.00, it is obvious the award for pain and suffering was only $250.00. Recent awards for injuries of a similar nature range from $500.00 to $800. 00. Cameron v. Winn Dixie Inc. of Louisiana, La.App., 149 S.2d 680; Karras v. Keller, La.App., 148 So.2d 915, 98 A.L.R. 2d 1166. Therefore, we will increase the award for pain and suffering to $500.00.
The judgment of the District Court is reversed insofar only as it holds Guidry liable, and the suit against him is dismissed. The judgment in favor of Plaintiff and against Defendant Good is amended to increase the award to Plaintiff to $664.-00; Defendant Good to pay all costs in both courts.
Judgment reversed in part and amended and affirmed.