SARTAIN, Judge.
This is an action ex delicto wherein the plaintiff seeks to recover for personal injuries sustained by her when a vehicle she was driving was struck by another vehicle owned by Ollie Stewart but driven by his nephew, Ollie Roberts.
Named as defendants are Ollie Roberts, a minor, his father, E. J. Roberts and Ollie Stewart, the owner of the offending vehicle.
Judgment was rendered adverse to plaintiff who now appeals. We are not favored with oral or written reasons for judgment and therefore must look to the record to determine whether or not the result reached by the trial judge warrants reversal. Our review of the record compels us to conclude that the result reached by the trial judge is manifestly erroneous and the judgment appealed should be reversed.
The accident occurred at 5:00 P.M. o’clock at an intersection of McClelland and West Pine Streets in Ponchatoula, Louisiana.
The testimony relative to the events leading up to the accident leaves much to be desired. Our appreciation of the facts are that plaintiff had approached the intersection and had stopped and while waiting to make a right turn was struck by the Stewart vehicle when young Roberts approached her from the rear, passed her vehicle, and then cut too sharply to his right as he also contemplated a right hand turn at the same intersection. The right front fender of the Stewart vehicle collided with the left front fender of plaintiff’s vehicle. One fact that is certain is that plaintiff was stopped at the time she was struck by the Stewart vehicle.
Young Roberts explained he was not going over five miles per hour and just “rubbed up against” plaintiff’s vehicle. Plaintiff countered by stating that the impact between the two vehicles “jarred her up quite a bit”.
There was no police investigation or report of the accident. Young Roberts gave his name and that of his uncle to the plaintiff at the scene of the accident and both parties departed.
The record is completely devoid of any explanation by young Roberts as to justify his actions in striking the Triche vehicle. It is obvious to us that he attempted to pass her and misjudged the distance between the two vehicles. The record also indicates that he was a rather inexperienced driver. For these reasons we find that from the above stated facts young Roberts was guilty of negligence in endeavoring to make a passing maneuver near an intersection and turning too sharply in front of and colliding with the Triche vehicle.
*440 Judgment is sought against E. J. Roberts for the negligence of his minor son. Article 237 of the Civil Code renders a father answerable for the offenses and quasi-offenses committed by his minor son. In the instant case young Roberts, an un-emancipated minor, was residing with his father at the time of the accident. Mr. Roberts is therefore personally responsible for the injuries occasioned to plaintiff through the fault of his minor son. Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968).
Judgment is also sought against Ollie Stewart, the owner of the vehicle young Roberts was driving on the grounds that the latter was employed by or on a mission for Mr. Stewart.
While young Roberts did on occasions work for his uncle he was not doing so at the time of the accident, nor was he on a mission, business or otherwise, for his uncle. The uncontradicted evidence shows that at the time of the accident Ollie Roberts had without his uncle’s knowledge, “borrowed” the latter’s vehicle to go to a nearby refreshment stand to purchase a malt. He had never been permitted to drive his uncle’s vehicle unless his uncle was with him. Under these circumstances Mr. Stewart is not responsible for any injuries caused to others by the unauthorized use of his vehicle by young Roberts. See Robichaux v. Wyse, La.App., 216 So.2d 369 and Asher v. Good, La.App., 198 So.2d 434.
Plaintiff testified that she did not seek medical attention on the day of the accident but she did go to Dr. Feder the following day. It was stipulated that if Dr. Feder was called to testify he would do so in accordance with three medical reports rendered by him which were attached to and made a part of the record. These reports indicate that plaintiff sustained an acute sprain of the cervical neck and lumbosacral region together with acute contusions of the left hip and right leg. He treated her extensively from June 11, 1964 until September 29, 1964 and again from October 12, 1964 until March 9, 1965. Plaintiff in her supplemental and amending petition seeks an award of $2,000.00 for these injuries. Considering the nature of injuries and the extent of the treatment required, we are of the opinion that this demand is reasonable and she should be awarded judgment in the sum requested.
For the above and foregoing reasons the judgment of the district court rejecting plaintiff’s demands is reversed and set aside; and, judgment is rendered herein in favor of the plaintiff and against the defendant, E. J. Roberts, in the sum of Two Thousand and No/100 ($2,000.00) Dollars together with legal interest thereon from date of judicial demand until paid and all costs of these proceedings. The judgment of the trial court in favor of the defendant, Ollie Stewart, and against the plaintiff is affirmed. All costs of these proceedings are assessed against E. J. Roberts.
Reversed in part, affirmed in part and rendered.