HEARD, Judge.
From a judgment sustaining defendants’ exception of no cause of action and motion to strike, and dismissing plaintiffs’ amending and supplemental petition, plaintiffs perfected a devolutive appeal.
Plaintiffs are Sadie Smith Kemp, surviving spouse of Marvin A. Kemp, and the children of the marriage, Randall A. Kemp, Stephen L. Kemp and Don A. Kemp.
Defendants are James C. Fourmy, Four-my’s employer, Louisiana Midland Transport Company, Inc. and Louisiana Midland Transport Company, Inc., public liability insurer, United States Fidelity & Guaranty Company.
Plaintiffs filed suit for damages alleging in substance that Marvin A. Kemp was killed in a collision with a truck owned by Louisiana Midland Transport Company, Inc., and operated by one of its employees, James C. Fourmy. It was alleged that Fourmy was negligent, proximately causing the accident, and that he was in the course and scope of his employment thereby rendering Louisiana Midland Transport Company, Inc. and its insurer liable to plaintiffs, who requested a jury trial.
Plaintiffs then filed an amending and supplemental petition incorporating all of the allegations of the original petition and alleging in substance that (1) James C. Fourmy was born and raised in Monroe, Louisiana, and that Louisiana Midland Transport Company, Inc., when it considered employing him knew or should have known of his residence in Monroe; (2) that between 1962 and 1970 James C. Four-my was charged and convicted of speeding seven times and reckless driving five times, and that said convictions were part of the public records of Monroe and Louisiana, and were available to Louisiana Midland Transport Company, Inc.; (3) that said accident which killed Marvin A. Kemp was due to reckless operation and excessive speed in the operation of the vehicle owned by the employer, and (4) that Louisiana Midland Transport Company, Inc., knew or should have known of the prior convictions of Fourmy and that the employer was negligent in employing Fourmy as a truck driver and this negligence contributed to the accident and death of Marvin A. Kemp.
Defendants filed an exception of no cause of action and a motion to strike, both of which were directed to the amending and supplemental petition. Defendants stated that the amending and supplemental petition does not allege that Fourmy was *653 operating a vehicle at the time of the accident with a revoked or illegal driver’s license. For this reason, defendants say the petition states no cause of action against Louisiana Midland Transport Company, Inc. Defendants also state that the allegations of the amending and supplemental petition should be stricken as they have no materiality to the issues of the case and are made solely as an attempt to prejudice the jury.
LSA-C.C.P. Art. 931 provides in part “ * * * No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” Thus, it is settled law that “[a]n exception of no cause of action is tried on the face of the petition, with all of its well-pleaded facts being accepted as true; the exception must be overruled if such allegations set forth a cause of action as to any part of the demand.” Texas Gas Transmission Corporation v. Gagnard, La.App., 223 So.2d 233, 236 (3d Cir. 1969).
Our law is to the effect that the owner of a vehicle is not responsible to a third party for the negligence of the driver of that vehicle unless he knew or should have known that the driver was incompetent. Morton v. American Employers Insurance Company, La.App., 104 So.2d 189 (2d Cir. 1958); Macaluso v. Watson, La.App., 188 So.2d 178 (4th Cir. 1966) writ refused, 249 La. 743, 190 So.2d 910 (1966); Asher v. Good, La.App., 198 So.2d 434 (4th Cir. 1966); Winzer v. Lewis, La.App., 251 So.2d 650 (2d Cir. 1971) writ refused, 259 La. 934, 253 So.2d 379 (1971).
In plaintiffs’ original petition a cause of action was stated against Louisiana Midland Transport Company, Inc. based on master-servant. In their amending and supplemental petition, plaintiffs sought to establish an additional cause of action based on the negligence of the owner of a vehicle in allowing an operator to drive the vehicle. There is certainly nothing in our law which prevents stating two causes of action against a defendant, and we are of the opinion that the court below erred in finding plaintiffs stated no cause of action in their second petition. Regardless of whether plaintiffs will be able to prove the various elements of this cause of action, they have stated that the owner of a vehicle knew (or should have known) that the operator of the vehicle was a continuously reckless driver. We find no merit in defendants’ argument that because Fourmy still had a driver’s license this excuses any possible liability on the part of the owner. Our law has never stated that an owner of a vehicle may entrust it to anyone with a valid driver’s license and escape responsibility. If an owner knows that a licensed driver is incompetent, he risks responsibility to a third party injured through that incompetence if he allows that driver to operate his vehicle. As plaintiffs stated that the employer knew Fourmy was continuously reckless and Fourmy caused the accident through recklessness, we think this states a cause of action against the employer.
We find no merit in defendants’ argument that the language in the petition should be stricken. The allegations of the petition are material and, in fact, necessary to state this separate cause of action. There is a possibility that the allegations will prejudice the jury somewhat. However, we are confident the trial judge and parties themselves will see that the jury is instructed that these allegations bear only on the negligence of the employer and not on the negligence of the driver on the date of the accident.
For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action and the motion to strike and dismissing plaintiffs’ suit is hereby reversed and said case is remanded to the lower court for further proceedings.
Costs of this appeal are assessed to defendants-appellees.
*654 HALL, J., dissents with written reasons.