STOKER, Judge.
Plaintiff, Central Mutual Insurance Company, brought this action pursuant to subro-gation rights assigned to it against the defendants, Leward Cain, Lawrence Cain, Hu-bie DeVille and Michael S. Nassar.
On November 14, 1975, Leward Cain was involved in a one vehicle accident. Leward, a minor at the time, was operating a truck owned by Hubie DeVille.
The facts reveal that, as Leward left Michael Nassar’s lounge in Sulphur, Louisiana, he immediately lost control of his truck, ran off the road and struck the gas meter on the side of a residence owned by Sam George. The gas line ruptured, and the house burst into flames and was ultimately declared a constructive total loss. Central Mutual Insurance Company, plaintiff-appellant, provided coverage to Sam George on the residence which was destroyed.
Pursuant to its subrogation rights, Central Mutual Insurance Company brought this suit against Leward Cain, Lawrence Cain (father of Leward Cain), Hubie De-Ville (owner of the truck), and Michael Nas-sar (owner of the lounge). After a trial on the merits, judgment was rendered in favor of Central Mutual Insurance Company and against Leward and Lawrence Cain. The claims against Hubie DeVille and Michael Nassar were dismissed. Plaintiff-appellant, Central Mutual Insurance Company, perfected this appeal.
The plaintiff-appellant makes two assignments of error. First, plaintiff assigned as error the trial court’s finding of no liability on the part of Hubie DeVille, the owner of the truck. Plaintiffs second assignment of error is that the trial judge erred in not finding liability on the part of Michael Nas-sar, the owner of the lounge.
It is well settled in our jurisprudence that the owner of a vehicle is responsible to a third party for the negligence of driver when he knew or should have known that the driver was incompetent. Kemp v. Fourmy, 265 So.2d 651 (La.App. 2nd Cir. 1977). An owner of an automobile knows a driver is incompetent when he knows or should have known that the driver was under the influence of alcohol. Morton v. American Employers Insurance Company, 104 So.2d 189 (La.App. 2nd Cir. 1958).
*DCLXI In order for liability to attach to the owner of the car for the negligent acts of the driver it must be proven that the owner voluntarily lent possession of the auto and that the owner knew or had reason to know that the driver was incompetent.
It is undisputed that DeVille knew that Leward was intoxicated at the time the accident occurred. (R. 109)
However, the record reveals that DeVille steadfastly refused to voluntarily turn over the keys to Leward and that Leward took the truck without DeVille’s consent. (R. 112)
Since the possession of the truck was taken by Leward without consent of the owner, then the owner is not liable for the damage occasioned by the negligent act of the driver.
Turning to plaintiff’s second assignment of error, plaintiff contends that the owner of the bar, Michael Nassar, is liable for the damage occasioned by the negligent acts of Leward Cain because of Nassar’s violation of LSA-R.S. 26:88(1) and LSA-R.S. 26:88(2). Subsection 1 forbids a retailer from serving alcoholic beverages to a minor. Subsection 2 forbids a retailer from serving alcoholic beverages to an intoxicated person.
There is a conflict in the testimony as to whether Leward Cain was served alcohol in Michael Nassar’s bar. The trial judge found that no alcohol was served to Leward Cain. A review of the record reveals no manifest error in this finding.
Since no liquor was served Leward Cain in Michael Nassar’s bar, it is not necessary to determine whether liability attaches to a liquor retailer for the damages occasioned to a third party by the negligent acts of a person served in violation of LSA-R.S. 26:88(1) or 26:88(2).
Accordingly, the trial judge’s decision that Hubie DeVille, owner of the truck, and Michael Nassar, owner of the lounge, were not negligent is amply supported by the record, which upon review reveals no manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.

AFFIRMED.