FRED W. JONES, Jr., Judge.
These consolidated cases arose out of a collision which occurred on August 6, 1978 in Bastrop, Louisiana between a car owned by James D. Eppinette and a small tractor owned by George Smelser and operated by Columbus Chester.
In No. 14,346 suit for personal injuries was brought against Chester; Smelser and his liability insurance carrier, Western World Insurance Company; and Maryland Casualty Insurance Company, uninsured motorist carrier for the Eppinette vehicle.[1] Maryland Casualty filed a third party demand against Western World.
In No. 14,347, Eppinette and Maryland Casualty sued Chester, Smelser and Western World for property damages to the Eppinette car.
In each of these petitions it was alleged that the accident was due solely to the negligence of Chester who was acting within the course and scope of his employment with Smelser. It was alleged, alternatively, that Smelser was independently negligent in permitting an incompetent driver to use his tractor.
Smelser and Western World filed a motion for summary judgment in the consolidated actions, accompanied by depositions *1337 of Smelser and Chester. Plaintiffs filed no affidavits or other documents in opposition to the motion.
The following facts were established by the depositions: Chester had been employed by Smelser for about five years as a tractor driver on the latter’s plantation in More-house Parish; Smelser was the owner of a small, utility type tractor which was not required to be registered with the Louisiana Motor Vehicle Department because it was used primarily for off-road farming operations;[2] Chester lived on the “Perry place” located about five miles from Smelser’s plantation; because of a request from Perry, on the Friday afternoon prior to the accident Smelser permitted Chester to take the tractor home with him in order that he could “bushhog” or mow the grass around the Perry dwelling; at the time he took the tractor Chester did not appear to be intoxicated or otherwise incompetent; Chester began cutting grass on the Perry property about 10:00 o’clock a. m. on the following Saturday morning and completed his work around 3:00 o’clock p. m. that afternoon; Chester then parked the tractor in his yard, in front of the Perry residence, and left it there until Sunday afternoon; at about 3:00 o’clock on Sunday afternoon Chester drove the tractor into Bastrop, some seven miles north of the Perry property and in the opposite direction from the Smelser plantation, in order to take some of his clothes to the washateria; upon completing this personal task and in the act of leaving Bastrop, Chester was involved in the accident with the Eppinette vehicle; Chester did not have permission from Smelser to take the tractor to Bastrop on Sunday afternoon; Chester denied in his deposition that he had consumed any intoxicating liquor prior to the accident; Chester had not possessed a valid driver’s license for six or seven years because of two convictions for driving while intoxicated; Smelser knew that Chester did not have a driver’s license; Smelser knew that Chester had a “drinking problem” during the entire time of his employment with Smelser and that it was impossible to predict when he would show up on the job intoxicated, although Chester’s drinking bouts were usually confined to the weekends; and Smelser was aware that Chester had no alternative means of transportation when he took the tractor home.
The trial judge held that Smelser was not liable under the doctrine of respondeat superior because Chester was clearly not acting in the course and scope of his employment when he took the tractor to Bastrop on Sunday afternoon.
On the issue of Smelser’s independent negligence, the trial judge reasoned:
“. . . it is extremely doubtful that Smelser’s knowledge of the drinking propensities of Chester and of his lack of a driver’s license would either constitute negligence on his part in allowing Chester to keep the tractor over the weekend or would have any causal connection with the accident in the circumstances revealed by the depositions — Chester’s use of the tractor at the time of the accident was totally beyond Smelser’s knowledge and consent in both time and purpose.”
For these reasons, the trial judge then sustained the motion for summary judgment, dismissing plaintiffs’ demands as to Smelser and Western World. Plaintiffs appealed this judgment, apparently conceding that Chester was not in the course and scope of his employment with Smelser at the time of the accident, but contended that the trial judge erred in concluding that there was no factual dispute as to Smelser’s independent negligence.
There is no question but that a motion for summary judgment is to be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 *1338 (La.1979); Employers Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, supra; Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977).
On the significance of plaintiffs’ failure to file opposing affidavits or depositions, the court in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980) pointed out:
“On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must by denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.”
We agree with the trial judge in this case that the supporting documents presented on behalf of Smelser and Western World are sufficient to resolve all material fact issues, particularly on the critical question of Smelser’s alleged independent negligence. Contrary to appellants’ contention that the principal issue presented on appeal is whether a material fact question remained unresolved, we view the crucial issue to be whether, upon the basis of the undisputed facts, movers were entitled to a judgment as a matter of law. As noted in Sanders v. Hercules Sheet Metal, Inc., supra, “a motion for summary judgment must be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court.”
In Johnson v. Edmonston, 383 So.2d 1277 (La.App.1st Cir.1980) appellants argued the summary judgment had been improperly granted because “there existed a relevant, genuine issue of fact, i.e., whether movers’ actions were negligent.” Rejecting this contention, the court commented:
“Although the facts related to the occurrence and movers’ involvement are undisputed, questions remain as to whether movers’ conduct constitutes negligence and as to whether the relationship among the defendants was such as would be a basis for the imputation of negligence. Plaintiff argues that the existence of negligence is an issue of fact to be resolved at trial. We recognize that if the evidence presented on the motion for summary judgment is subject to conflicting interpretations or reasonable men might differ as to its significance, a summary judgment would be improper. However, when reasonable minds must inevitably conclude the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted since in that case the reasonableness of conduct is an issue of law. ...”
In our cases the question posed is: upon the basis of the undisputed facts should reasonable minds inevitably conclude that Smelser was not guilty of independent negligence as a matter of law in permitting Chester to take his tractor on the weekend of the accident?
The plaintiffs in Morton v. American Employers Ins. Co., 104 So.2d 189 (La.App.2d Cir.1958) sought judgment against a car salesman because he allegedly entrusted a vehicle to a driver (later involved in an accident) who was under the influence of liquor and incompetent to drive. Enunciating a well recognized rule of law, the court held:
“. .. the lender of an automobile is not responsible for the negligence of a borrower unless he had knowledge of facts which indicated the borrower to be an incompetent operator ... if the evidence showed Busher knew or should have known Casey was under the influence of liquor at the time he turned over to him *1339 the Chevrolet automobile, Busher would be personally responsible. But such is not the evidence in this case. ...”
On the other hand, in Winzer v. Lewis, 251 So.2d 650 (La.App.2d Cir.1971), a defendant-employer was held independently negligent because he “violated the law by allowing Lewis to drive his truck freely, knowing Lewis did not have a driver’s license, and knowing Lewis’ license had been suspended or revoked because he had been convicted of drunken driving.” (Emphasis supplied)
In Kemp v. Fourmy, 265 So.2d 651 (La.App.2d Cir.1972), plaintiffs had alleged that an employer knew that his employee was continuously reckless and that the accident in question was caused by his recklessness. Reversing a lower court judgment which sustained an exception of no cause of action, this court stated:
“If an owner knows that a licensed driver is incompetent, he risks responsibility to a third party injured through that incompetence if he allows that driver to operate his vehicle.”
It was established in Danos v. St. Pierre, 383 So.2d 1019 (La.App.1st Cir.1980) that the owner of a car knew that the driver was intoxicated when she entrusted the vehicle to him. The appellate court affirmed the trial judge’s finding that the owner was independently negligent because “it is established law that the owner of an automobile who knowingly entrusts it to an intoxicated, or other incompetent, driver is responsible for the harm resulting from the incompetent operation of the vehicle.”
In these consolidated cases it is an undisputed fact that Chester did not appear to be incompetent in any manner when he took Smelser’s tractor on the Friday afternoon prior to the accident. Consequently, evidence of Smelser’s independent negligence consisted solely of (1) his knowledge that Chester did not possess a driver’s license and (2) that Chester had a longstanding “drinking problem”. On the basis of this knowledge should a reasonable mind conclude that Smelser was warned that Chester was an incompetent driver to whom his tractor should not be entrusted for the purpose of bushhogging his landlord’s lawn? We think not. On the contrary, and upon the basis of the undisputed facts contained in the documents supporting the motion of summary judgment, we hold that reasonable minds should inevitably conclude that Smelser was not guilty of independent negligence in permitting Chester to take his tractor for the weekend.[3]
For these reasons, we affirm the judgment of the trial court, at appellants’ cost.

. Integon General Insurance Corporation was also made a party defendant. However, plaintiffs’ suit was later dismissed as to that defendant.

. La.R.S. 32:420 provides in pertinent part:
“No person shall be required to obtain a license for the purpose of operating implements of husbandry temporarily on the highways.”

. We also note that the only evidence in the documents filed in connection with the motion for summary judgment affirmatively shows that Chester was not intoxicated at the time of the accident. There is no evidence showing Chester was incompetent when he was sober. Therefore, even if Smelser’s knowledge of Chester’s “drinking problem” conceivably meant that permitting him to take the tractor was a negligent act, the legal duty imposed was not designed to protect against this particular risk, i. e., reckless operation of the tractor — a concept usually posited in terms of “proximate cause”. See Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).