845 So.2d 1227 (2003)
URBAN PROPERTY COMPANY OF LOUISIANA, L.L.C.
v.
PIONEER CREDIT COMPANY.
No. 03-CA-38.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
Irl R. Silverstein, Gretna, LA, for Appellant.
*1228 Kenneth E. Pickering, Pickering & Cotogno, New Orleans, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
In this suit for wrongful cancellation of a mortgage, both Plaintiff, Urban Property Company of Louisiana, L.L.C. (Urban), and Defendant, Pioneer Credit Company (Pioneer), appeal from the trial court judgment which awards Urban $6,000. For the reasons which follow, we vacate the trial court judgment, find that the suit fails to state a cause of action, grant Plaintiff 30 days to amend, and remand.
The events giving rise to this controversy began in 1995, when Edward Joseph and his wife, Audrey Charles Joseph, executed a promissory note (the Joseph note) in the amount of $15,910.54, in favor of Academy Mortgage Company, L.L.C. (Academy). The Joseph note was secured by a second mortgage on property located at 6129 Adam Drive in Marrero. Testimony at trial indicated that the first mortgage on the property was for about $6,000 and the property had an approximate value at the time of trial of $60,000 to $65,000. In 1996, Academy sold several of its notes, including the Joseph note, to Urban. The original Joseph note was in the possession of Urban since it was sold to Urban. Thereafter, in a Buy-Sell Agreement dated February 12, 1997, Academy sold a large number of notes, as well as other company assets (computers) to Pioneer. The Joseph note was not included in the list of notes because it had already been sold to Urban. However, reference to the Joseph note remained in the computers that were also sold to Pioneer. Further, the original Academy file on the Joseph note was in the file boxes that Pioneer took possession of with the sale. Robert Caplan (Caplan), formerly an employee of Academy and now an employee of Urban, testified that the computer files and hard copies were given to Pioneer for the purpose of customer lists only. The Buy-Sell Agreement contained a paragraph that required Pioneer to refer any inquiries it received regarding notes it did not buy to the Seller at the place designated by the Seller. In August of 1998, Pioneer received a fax inquiry, called a verification of mortgage (VOM), from Prestige Mortgage Service, Inc. (Prestige) concerning the Joseph note and mortgage. Upon receiving the VOM, Herbert Baker (Baker), an employee of Pioneer, checked his computer records, which contained the notation "paid out" dated at or about the time that the note was sold to Urban. The computer records did not, however, indicate that the Joseph note had been sold or assigned. Baker then located the hard copy file which was likewise marked with the notation, "paid." The file contained a copy of the Joseph note which was also marked "paid." Baker could not find the original copy of the Joseph note. At that point, on February 9, 1999, Baker executed an Affidavit of Lost Note to Cancel Mortgage which had been sent to Pioneer by Prestige. Baker did not check to see whether the Joseph note was one that had been sold to Pioneer.
The affidavit described the Joseph note and mortgage. It also provided as follows:
Affiant further deposed that he (or the corporation the he represents) was the last holder in due course of said note and that said note is lost and cannot be located by affiant after due and diligent search for same.

*1229 Affiant did further depose that on the 1st day of July, 1996, makers of said note, or their agents, did pay said note and mortgage in full, and that nothing remains due on same and that affiant does hereby authorize the Recorder of Mortgages for Jefferson Parish to cancel the inscription of that mortgage above described and recorded in MOB 3716, Folio 361.
The affiant has not sold, transferred, or assigned the note to any other person or entity. Affiant does hereby agree to indemnify any person or entity as a consequence of canceling the aforesaid mortgage or vendor's lien pursuant to this affidavit which is executed under the provisions of Louisiana R.S. 9:5168.
Baker then sent the affidavit to the mortgage office. Caplan testified that in December of 2000, the Josephs defaulted on their note. When Urban looked into pursuing foreclosure proceedings, they discovered that the mortgage securing their note had been cancelled by a lost note affidavit executed by Pioneer through employee, Baker. Urban filed suit against Pioneer seeking damages for the loss of their security.
Urban's theory of recovery, as evidenced from its petition and the evidence presented at trial, was that it was entitled to be paid by Pioneer the amount of the outstanding balance on the note, $12,405.03, plus accrued interest and attorney fees, solely on the basis that the mortgage had been erroneously cancelled. Urban neither alleged nor proved that it suffered damages as a result of the mortgage cancellation. Absent damages suffered, we find no cause of action stated in Plaintiff's suit.
Pioneer's defense was that it had not been negligent since the computer file and the hard copy file left in its possession indicated that the note had been "paid." Pioneer overlooked the statutory requirements of La. R.S. 9:5168 as well as the erroneous statements that Baker made in the lost note affidavit.
The trial court erred by finding that "since all parties maintained inappropriate ledgers and records" he would award Urban one-half of what it was asking for, or $6,000, rather than resolving the legal issues presented in the case. Then, both parties appealed.
Urban argues on appeal that the trial court erred in not finding Pioneer liable for the erroneous execution of the lost note affidavit. Pioneer argues that the trial court erred in awarding Urban any damages because they did not allege or prove any damages. We find merit in both arguments.
La. R.S. 9:5168, upon which liability in this case is based, provides:
A. When a promissory note secured by a mortgage or vendor's privilege on immovable property has been lost or destroyed, the maker of such note or any other interested party may prove its payment by presentation of the sworn affidavit of the last holder of the promissory note specifically attesting to and testifying as to the truth of all of the allegations required by this Section.
B. The affidavit from the last holder of the promissory note which is secured by the mortgage or vendor's privilege shall set forth all of the following:
(1) A description of the promissory note and the encumbered immovable property.
(2) That the affiant is the last holder of the promissory note.

*1230 (3) That the note has been lost or cannot be presented.
(4) That the note is paid, forgiven, or otherwise satisfied.
(5) That the affiant authorizes the clerk of court and ex officio recorder of mortgages to cancel the inscription of the mortgage or vendor's privilege.
(6) That the affiant has not sold, transferred, or assigned the note to any other person or entity.
(7) That the affiant agrees to indemnify any person or entity for any damages resulting to such person or entity as a consequence of the cancellation of the inscription of the mortgage or vendor's privilege which secured the note upon presentation of the affidavit.

C. An affidavit executed according to the provisions of this Section may be substituted for the original note in conjunction with R.S. 9:5167. No mandamus proceeding is required to use the provisions of this Section. Neither the clerk of court and ex officio recorder of mortgages nor his surety on his official bond shall have any liability for any damages resulting to any person or entity as a consequence of canceling the inscription of a mortgage or vendor's privilege pursuant to an affidavit which complies with this Section.
D. The clerk of court and ex officio recorder of mortgages shall not refuse to accept an affidavit which complies with this Section and shall not require the filing of a mandamus proceeding as a condition of canceling the inscription of a mortgage or vendor's privilege. (Emphasis added.)
The statute clearly provides that the affiant of a lost note affidavit is liable for "any damages resulting" from the wrongful cancellation of a mortgage based on the affidavit. In this case, although Baker, on behalf of Pioneer, attested to being the last holder of the note, the facts indicate that it was not and a review of the list of notes acquired by Pioneer from Academy would have revealed that. In fact, the note was held by Urban. It had not been paid and the mortgage inscription should not have been cancelled. As the affiant of the lost note affidavit, under La. R.S. 9:5168, Pioneer is liable to Urban for "any damages resulting" as a consequence of the cancellation. But damages are an essential element of the cause of action under the statute. The problem in this case is that, based on the allegations in the petition, and the expansion of those allegations by testimony at trial, Urban has not yet suffered any actual damages. While its mortgage was cancelled by mistake, there is no allegation or showing of damage as a result.
As pointed out by Pioneer, for example, there has been no allegation or showing that the mortgage cannot be reinscribed or that Urban's security is compromised.[1] Urban has not secured a ranking judgment. There has been no allegation or proof that the Joseph's cannot pay the note and it is only in the event of non-payment that the compromised security *1231 would possibly result in a loss or as damages to Urban. Urban has not brought suit on the note against the Josephs, obtained a judgment, attempted foreclosure, or secured a deficiency judgment. Prior to sustaining damages, Urban has no cause of action against Pioneer and its lawsuit seeking damages solely for the mortgage cancellation was pre-mature.
La. C.C.P. art. 927(B) provides that the court of appeal may take notice of a party's failure to disclose a cause of action on its own motion. It is so noted.
Accordingly, we vacate the trial court judgment and find that Urban's suit against Pioneer, absent any allegations or showing that damages have been sustained, fails to state a cause of action. Urban is granted 30 days from finality of this decision to amend its petition, if possible, to state a cause of action or have the case dismissed without prejudice. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are to be shared by the parties.
JUDGMENT VACATED; CASE REMANDED.
NOTES
[1] Although there are no original documents filed in the record evidencing any other mortgages on the subject property, Exhibit P-3 which purports to be a mortgage certificate, filed for the purpose of showing the absence of the mortgage securing the Joseph note, shows that another mortgage was placed on the subject property on August 31, 1998, prior to the filing of the lost note affidavit, securing a debt of the Josephs' in the amount of $54,000, in favor of Option One Mortgage Corporation.