882 So.2d 1178 (2004)
URBAN PROPERTY COMPANY OF LOUISIANA, L.L.C.
v.
PIONEER CREDIT COMPANY.
No. 04-CA-246.
Court of Appeal of Louisiana, Fifth Circuit.
August 31, 2004.
*1179 Irl R. Silverstein, Gretna, LA, for Plaintiff/Appellant, Urban Property Company of Louisiana, L.L.C.
Kenneth E. Pickering, New Orleans, LA, for Defendant/Appellee, Pioneer Credit Company.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and JAMES C. GULOTTA, Pro Tempore.
SUSAN M. CHEHARDY, Judge.
Urban Property Company of Louisiana, L.L.C. (hereafter "Urban") appeals the dismissal of its suit against Pioneer Credit Company ("Pioneer") for improper cancellation of a mortgage. We affirm.
This is the second appeal in this matter. Previously the case went through trial, resulting in a judgment in Urban's favor awarding damages. Pioneer appealed. This Court found that Urban failed to plead in its petition, and failed to prove at trial, that it suffered any actual damages. Accordingly, we vacated the judgment, granted Urban 30 days to amend its petition, and remanded the matter. Urban Property Co. of Louisiana, L.L.C. v. Pioneer *1180 Credit Co., 03-38 (La.App. 5 Cir. 4/29/03), 845 So.2d 1227.
On remand, Urban filed a supplemental and amending petition and Pioneer responded with an exception of no cause of action. The trial court granted the exception, with written reasons that tracked the language in the appellate opinion.[1] Urban now appeals.
Urban asserts the trial court erred in determining that the first amending and supplemental petition failed to state a cause of action upon which damages could be awarded to Urban.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc., 616 So.2d at 1235.
In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. Donnaud's Inc. v. Gulf Coast Bank and Trust Co., 03-427, p. 5 (La.App. 5 Cir.2003), 858 So.2d 4, 7, writ denied, 03-2862 (La.1/9/04), 862 So.2d 985. In reviewing the granting of an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners, 93-0690, p. 2 (La.7/5/94), 640 So.2d 237, 241.
The original petition made the following allegations:
On or about February 1, 1997, Academy Mortgage Company, L.L.C. (hereafter "Academy") sold a portion of its notes receivable to Pioneer, with a listing of the accounts transferred annexed to the act of sale. (Paragraph 2.)
Prior to the sale, Academy assigned all of its rights, title, and interest in a promissory note dated September 21, 1995, executed by Edward Joseph, Jr. and Audrey Charles Joseph, which note was paraphed for identification with a mortgage on property located at 6129 Adam Drive, Marrero, Louisiana. (Paragraph 3.)
The note fell in arrears in October 2000 and Urban, as the last holder of the note, decided to execute on its security interests in the property securing the note. (Paragraph 4.) In preparing to file executory proceedings, Urban discovered that the Clerk of Court had marked its mortgage as being cancelled, pursuant to a Lost Note Affidavit signed by Herb Baker, manager of Pioneer. (Paragraph 5.)
In the affidavit, Baker stated that Pioneer was the last holder of the promissory *1181 note. In fact, the note had never been transferred to Pioneer. (Paragraph 6.)
Urban alleged that because of the false affidavit executed by Baker, Urban has been deprived of its security interests in the immovable property. In the affidavit, Baker, on behalf of Pioneer, "agreed to indemnify any person or entity, as a consequence of canceling the mortgage pursuant to the Affidavit." (Paragraph 7.)
Urban asserted that Baker's actions in executing the affidavit are imputable to his employer, Pioneer, and that Pioneer is responsible for the damages arising out of the execution and recordation of the affidavit. (Paragraph 8.) Urban attached copies of all the documents mentioned to the petition and made them a part thereof.
Urban itemized its damages as consisting of the principal balance under the promissory note, accrued interest as of April 16, 2001, and attorney's fees, for a total of $16,045.67, and prayed for judgment in its favor in that amount, plus interest and costs.
In the "First Supplement [sic] and Amending Petition" filed after remand, Urban amended Paragraph 7 and added additional paragraphs 7(a), 7(b), and 7(c), as follows:
7.
Petitioner shows that on August 25, 1998, AUDREY CHARLES, wife of/and EDWARD JOSEPH, JR., executed a mortgage on the subject property at 6129 Adam Street, Marrero, Louisiana 70072 in the principal sum of $54,000.00 in favor of Option One Mortgage Corporation, at which time the mortgage held by petitioner was cancelled by the filing of a Lost Note Affidavit executed by HERB BAKER, as Manager of PIONEER CREDIT COMPANY.
7(a)
As a result of the mortgage cancellation and loss of first mortgage ranking, there has been a complete loss of equity securing petitioner's note, rendering it essentially unsecured.
7(b)
As a result of the filing of the false Affidavit of Lost Note and subsequent refinancing, petitioner's security interest in the subject property has been severely eroded from the position it held prior to the filing of said false Affidavit, and the value of the note has been decreased from the amounts sought in original Paragraph 9 to no value whatsoever.
7(c)
Petitioner has further determined that the makers of the promissory note, AUDREY CHARLES, wife of/and EDWARD JOSEPH, JR., do not have income which would be subject to garnishment, nor to satisfy any deficiency judgment which may be rendered in favor of petitioner, thus, as a result of the wrongful actions of the defendant, the subject note has no value and suit thereon would amount to a vain and useless effort.
In the exception of no cause of action, Pioneer argued that Urban has no cause of action because it has not sustained damage, reiterating the language from the appellate opinion: "Urban has not secured a ranking judgment or shown that the mortgage securing the Joseph Note cannot be reinscribed. Urban has not brought suit on the note against the makers of the Joseph Note, obtained a judgment, attempted foreclosure, or secured a deficiency judgment." Pioneer pointed out that Urban has failed to avail itself of the mechanism for the reinstatement *1182 of mortgages cancelled due to error or mistake.
Urban argues on appeal that its allegations of damages were sufficient to support a cause of action, because in the Affidavit of Lost Note Pioneer (through its employee, Baker) agreed "to idemnify [sic] any person or entity as a consequence of cancelling the aforesaid mortgage or vendor's lien which is executed under the provisions of Louisiana R.S. 9:5168." La.R.S. 9:5168 provides that where an affidavit of loss or destruction of a promissory note is used to authorize cancellation of the inscription, the affidavit must state (among other things) that "the affiant agrees to indemnify any person or entity for any damages resulting to such person or entity as a consequence of the cancellation of the inscription of the mortgage...."
Urban contends that its allegations that the makers of the note do not have income that would be subject to garnishment or to satisfy a deficiency judgment establishes that Urban set forth a claim for damages as a result of the reduction in value of the promissory note.
La.R.S. 9:5169 provides, "Inscriptions of mortgages and privileges are erased by the consent of the parties interested and having capacity for that purpose; this consent to be evidenced by a release, or by a receipt given on the records of the court rendering the judgment on which the mortgage is founded."
Hence, where an interested party has not given its consent, the erasure of the inscription cannot be effective. See Cheleno v. Selby, 538 So.2d 706 (La.App. 4 Cir.1989), writ denied 542 So.2d 1384. Therefore, in such cases the creditor may seek to have the cancelled mortgage reinstated, thus regaining its security.
[T]he cancellation of the mortgage by the recorder without the knowledge or consent of the holder of the negotiable mortgage note does not deprive him of his security even with regard to a third-party dealing with the property on his faith in the public record. When there has been [an] erroneous cancellation of a mortgage from the mortgage records by the Clerk of Court and the purchase of the property by a third-party relying on the public records which show the mortgage to be cancelled, the mortgagee is entitled to enforce the mortgage against the mortgaged property.
Pioneer Enterprises, Inc. v. Goodnight, 561 So.2d 824, 828 (La.App. 2 Cir.1990).
We conclude the trial court did not err in granting the exception of no cause of action. Urban's allegation that the makers of the promissory note "do not have income which would be subject to garnishment," assuming it can be proven at a trial, does not establish that Urban has sustained damages that it would be entitled to recover from Pioneer. Urban has not been deprived of its security interest because the law allows a mortgage erroneously cancelled to be reinstated. There is no allegation that Urban has taken any steps to reinstate and then to enforce the mortgage. Thus, Urban has not alleged any actual damage it can recover from Pioneer.
Further, the mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action. The trial court correctly dismissed the suit.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Urban Property Company of Louisiana, L.L.C.
AFFIRMED.
NOTES
[1] The court's written reasons stated:

This Court finds that Urban has not alleged or suffered actual damages. There has been no showing that Urban has been damaged as a result of its mortgage being cancelled. Urban has not alleged that the mortgage cannot be reinscribed or that its security has been jeopardized. Urban has not secured a ranking judgment.
Urban had not instituted suit against the debtors, obtained a judgment, attempted foreclosure or secured a deficiency judgment. Thus, they have not suffered or alleged damages.