# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 06-250



**TECHE FINANCIAL SERVICES, INC.**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF MOTOR VEHICLES**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, DOCKET NO. 04-67058
HONORABLE GERARD B.WATTIGNY, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell, Judges.

Peters, J., assigns additional reasons.

Ezell, J., concurs for the additional reasons assigned by Judge Peters.

### REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.


**W. Glenn Soileau**
**P.O. Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Teche Financial Services, Inc.**

**Charles C. Foti, Jr.**
**Attorney General**
**Ted D. Hernandez**
**Assistant Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **State of Louisiana, Department of Public Safety, Office of Motor Vehicles**

**COOKS, Judge.**

Teche Financial Services, Inc., appeals the trial court's judgment granting the State of Louisiana's peremptory exceptions of no right of action and/or no cause of action. For the following reasons, we reverse the judgment of the trial court maintaining the exception of no right of action. We affirm the grant of the exception of no cause of action, and remand the matter to the trial court to allow the plaintiff opportunity to amend its petition, if possible, to state a cause of action.

## FACTS AND PROCEDURAL HISTORY

On March 7, 2003, Mabel Lee Johnson submitted an application with Teche Financial Services for a loan in the amount of $5,375.00. To secure the loan, Ms. Johnson mortgaged her mobile home to Teche as a movable under the Chattle Mortgage Law of Louisiana. The Office of Motor Vehicles recorded the lien on the movable and the title was sent to Teche.

On May 31, 2003, Ms. Johnson died, leaving an outstanding balance on her loan in excess of $5,000.00. The only asset of her succession was the mobile home, which was subject to the lien and mortgage. Ms. Johnson's daughter, Thelma Rochelle Johnson, went to the Department of Motor Vehicles and obtained a title to the mobile home which did not reflect any lien or privilege.

Thelma Johnson stopped paying the notes on the mobile home and notified Teche she would be selling the mobile home. Teche subsequently filed suit on April 30, 2003, seeking damages against the State of Louisiana for the intentional, wrongful, or negligent actions on the part of the State in canceling the lien that Teche had on the mobile home. The State filed peremptory exceptions of no cause of action and no right of action in response to Teche's petition. On May 3, 2005, a hearing was

held on the State's exceptions. Teche made no appearance at the hearing, nor did it file any memorandum in opposition to the exceptions. On May 9, 2005, the trial court entered judgment granting both exceptions finding Teche had no right of action and/or no cause of action. Teche's suit against the State was dismissed with prejudice. Teche appealed the trial court's judgment granting the exceptions.

## ANALYSIS

The peremptory exception of no right of action addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class of those to whom the law grants the cause of action being asserted in the suit. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission*, 94-2015 (La. 11/30/94), 646 So.2d 885. This exception is a "threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted." *Crochet v. Cisco Sys., Inc.*, 02-1357 (La.App. 3 Cir. 5/28/03), 847 So.2d 253, *writ denied*, 03-1838 (La. 10/17/03), 855 So.2d 765. We find the trial court erred in finding Teche did not have a right of action in this matter.

The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Louisiana Paddlewheels*, 646 So.2d 885; *Crochet*, 847 So.2d at 255. In other words, the exception pleading the objection of no cause of action, tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. *Roger Boc, L.L.C. v. Weigel*, 99-570 (La.App. 3 Cir. 11/3/99), 744 So.2d 731. In ruling on the exception, the court must accept all well-pleaded allegations of fact as true. *Crochet*, 847 So.2d 253. No evidence may be introduced to support or controvert the objection of no cause of

action. La.Code Civ.P. art. 931.

In paragraph 9 of its petition, Teche alleges the State was "negligent, reckless and/or intentionally frauded [sic] the plaintiff." "Under Louisiana law, for a negligence cause of action to accrue, three elements are required: fault, causation and damages." *Bailey v. Khoury*, 04-620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275. The State argued the element of damages was missing in this case. The State contended as follows:

> By this suit, Plaintiff seeks to collect a debt owed by Mabel Johnson. Ms. Mabel Johnson is now deceased but her daughter, Thelma Johnson, accepted her succession and took possession and title to her mother's mobile home and thereby accepted her mother's debt. [La.Civ.Code arts.] 957 and 961. If this debt is indeed satisfied by Ms. Thelma Johnson, Plaintiff has no grounds for suit against the State. The lack of existence or absence of a security interest causes Plaintiff no damage if the debt it secures is paid. Any potential cause of action against the State has not accrued.

In support of its argument the State cites the case of *Urban Property Co. of La., L.L.C. v. Pioneer Credit Co.*, 03-38 (La.App. 5 Cir. 4/29/03), 845 So.2d 1227. In *Urban* the plaintiff appealed the dismissal of its suit for improper cancellation of a mortgage on real property. The fifth circuit, on its own motion, found no cause of action existed based on plaintiff's failure to show it suffered actual damages from the improper cancellation of the mortgage. The court stated:

> [D]amages are an essential element of the cause of action under the statute. The problem in this case is that, based on the allegations in the petition, and the expansion of those allegations by testimony at trial, Urban has not yet suffered any actual damages. While its mortgage was cancelled by mistake, there is no allegation or showing of damage as a result.
>
> As pointed out by Pioneer, for example, there has been no allegation or showing that the mortgage cannot be reinscribed or that Urban's security is compromised. Urban has not secured a ranking judgment. There has been no allegation or proof that the Joseph's [sic]

cannot pay the note and it is only in the event of non-payment that the compromised security would possibly result in a loss or as damages to Urban. Urban has not brought suit on the note against the Josephs, obtained a judgment, attempted foreclosure, or secured a deficiency judgment. Prior to sustaining damages, Urban has no cause of action against Pioneer and its lawsuit seeking damages solely for the mortgage cancellation was pre-mature.

*Id.* at 1230-31 (footnote omitted).

The court vacated the judgment, finding Urban's suit against Pioneer, absent any allegations or showing that damages have been sustained, failed to state a cause of action. The court granted Urban thirty days to amend its petition, if possible, to state a cause of action or have the case dismissed without prejudice. On remand, Urban amended its petition to allege the makers of the note "do not have income that would be subject to garnishment nor to satisfy any deficiency judgment." *Urban Property Co. of La., L.L.C. v. Pioneer Credit Co.*, 04-246, p. 5 (La.App. 5 Cir. 8/31/04), 882 So.2d 1178, 1181. The exception of no cause of action was reurged by Pioneer. The trial court granted the exception with written reasons that tracked the language in the appellate opinion. Plaintiff again appealed. Despite the amendment alleging the note was of no value and suit on the note would be useless, the appellate court maintained the granting of the no cause of action exception. The court stated:

> We conclude the trial court did not err in granting the exception of no cause of action. Urban's allegation that the makers of the promissory note "do not have income which would be subject to garnishment," assuming it can be proven at a trial, does not establish that Urban has sustained damages that it would be entitled to recover from Pioneer. Urban has not been deprived of its security interest because the law allows a mortgage erroneously cancelled to be reinstated. There is no allegation that Urban has taken any steps to reinstate and then to enforce the mortgage. Thus, Urban has not alleged any actual damage it can recover from Pioneer.

*Id*. at 1182.

-4-

No exception of prematurity or exception of no cause of action was filed in *Urban*. Appellate courts cannot supply an exception of prematurity on its own motion, however, it can supply the exception of no cause of action on its own motion, which the court in *Urban* did. The court then granted the no cause of action exception on prematurity grounds, finding there had "been no allegation or showing that the mortgage cannot be reinscribed or that Urban's security is compromised" and that the "lawsuit seeking damages solely for the mortgage cancellation was *pre-mature*." *Urban*, 845 So.2d at 1230-31 (emphasis added). The case was remanded to the trial court to allow the plaintiff therein to amend its petition, if possible, to state a cause of action.

We find a similar situation presented in the present case. The State herein did not file an exception of prematurity below, even though its argument before the trial court raised the prematurity issue. The State specifically argued that any potential cause of action against the State has not yet accrued. We agree. Despite the "clean title" obtained by Thelma Johnson, Teche still possesses a lien on the trailer. Teche may have the mortgage reinscribed, attempt foreclosure on the trailer, or bring suit on the note against Thelma Johnson. Until Teche attempts any or all of these options, any cause of action for damages against the State has not yet accrued because Teche cannot prove it sustained or will sustain any actual damages. Therefore, as in *Urban*, we will grant the exception of no cause of action. The plaintiff herein is granted ninety days from finality of this decision to amend its petition to state a cause of action.

**DECREE**

For the foregoing reasons, the judgment of the trial court granting the exception

-5-

of no right of action is reversed. The portion of the judgment granting the exception of no cause of action is affirmed. The case is remanded to the trial court and the plaintiff is given ninety days from the date of mailing of the notice of this judgment to amend its petition to state a cause of action. The costs of this appeal are to be borne by the parties in equal proportions.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**

TECHE FINANCIAL SERVICES, INC.

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY,
OFFICE OF MOTOR VEHICLES

PETERS, J.

I agree with the opinion rendered herein that the petition of Teche Financial Services, Inc. (Teche) does not state a cause of action because it fails to state any facts that would establish it has sustained any damages—an element of its burden of proof. While joining in that opinion, I submit that the record reflects other reasons that the trial court's grant of the exception of cause of action should be upheld.

As pointed out in the opinion rendered, we must accept all well-pleaded allegations of fact in the petition as true. *Crochet v. Cisco Sys. Inc.*, 02-1357 (La.App. 3 Cir. 5/28/03), 847 So.2d 253. Long before we get to the issue of damages, we must recognize that there are no allegations of fact in the petition that establish a cause of action in any respect. With regard to liability, Teche's petition asserted that "[t]he defendant, STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF MOTOR VEHICLES, was negligent, reckless, and/or intentionally frauded [sic] the plaintiff herein by transferring a title on which they had a legal mortgage and lien"—nothing more. These assertions are conclusions and not facts upon which to base a cause of action.

Thus, the petition fails to state a cause of action as to liability *and* damages. Although the circumstances surrounding Teche's effort or lack of effort to enforce its

lien after cancellation were argued by both parties to this litigation, we are precluded from considering those factual assertions because, an pointed out in the released opinion, they are not alleged as a part of the petition.  Thus, Teche's petition is defective in all respects and the trial court did not err in granting the exception of no cause of action.  However, as pointed out in the released opinion, Teche should have the opportunity, pursuant to La.Code Civ.P. art.934, to amend its petition to state a cause of action if it can.