STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1651

SUCCESSION OF JAMES D. WOOD

**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 64,132, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

**Martha Ann O'Neal**
**P. O. Box 1055**
**DeRidder, LA 70634**
**(337) 462-6051**
**Counsel for Appellant:**
     **T. A. Gibson**

**John K. (Mike) Anderson**
**101 S. First St.**
**Leesville, LA 71446**
**(337) 239-9076**
**Counsel for Appellant:**
     **T. A. Gibson**

**Kenneth N. Simmons**
**P. O. Box 490**
**Many, LA 71449**
**(318) 256-1275**
**Counsel for Appellee:**
  **Brenda Wood Davis**

**Jack L. Simms, Jr.**
**P. O. Box 1554**
**Leesville, LA 71446**
**(337) 238-9393**
**Counsel for Appellee:**
  **Brenda Wood Davis**

**C. Blair Bright**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**601 Poydras St., Ste 2300**
**2755 Pan American Life Center**
**New Orleans, LA 70130**
**(504) 324-8950**
**Counsel for Appellee:**
  **Comm-Care Corporation**

GREMILLION, Judge.

The defendant, T.A. Gibson, appeals from the trial court's judgment sustaining peremptory exceptions of no right of action in favor of the plaintiff, Brenda Wood Davis. We affirm.

## FACTS

The decedent, James D. Wood, a resident of Vernon Parish, died in Leesville on September 2, 1999. He left a testament, which named Gibson as universal legatee and as executor of his succession. This appeal stems from proceedings pertaining to Gibson's probate of the decedent's testament. Gibson's right to inherit under the testament has been challenged by the decedent's sole surviving heir, Brenda Wood Davis. Particularly, Gibson has filed a Reconventional Demand for Recission of Document in response to a petition for declaratory judgment concerning a cash sale deed in which the decedent and his wife sold immovable property to Davis for the price of "One Dollar ($1.00) and other valuable considerations." In response, Davis filed peremptory exceptions of no cause of action and no right of action challenging Gibson's right to demand recission of the sale. Following a hearing, the trial court held that the cash sale deed was actually a donation in disguise, which Gibson lacked standing to challenge. Accordingly, the trial court granted the exception of no right of action in favor of Davis. This appeal by Gibson followed.

## ISSUES

On appeal, Gibson argues that the trial court erred in failing to find that the cash sale deed was an act translative of ownership for either a sale or a donation

1

and in finding that he, as executor of the succession, did not have a right of action to contest the act's nullity.

## EXCEPTIONS

In *Teche Financial Services, Inc. v. State, Department of Public Safety, Office of Motor Vehicles*, 06-250, pp. 2-3 (La.App. 3 Cir. 9/27/06), 939 So.2d 650, 652, we reviewed the law pertaining to an exception of no right of action:

> The peremptory exception of no right of action addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class of those to whom the law grants the cause of action being asserted in the suit. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission*, 94-2015 (La.11/30/94), 646 So.2d 885. This exception is a "threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted." *Crochet v. Cisco Sys., Inc.*, 02-1357 (La.App. 3 Cir. 5/28/03), 847 So.2d 253, *writ denied*, 03-1838 (La.10/17/03), 855 So.2d 765. . . .

In granting Davis' peremptory exception of no right of action, the trial court held that the Cash Sale Deed Gibson sought to rescind was actually a disguised donation as set out in La.Civ.Code. art. 2444. Based on this finding, the trial court held that Gibson lacked standing to seek recision of the donation, as only forced heirs could bring such actions.

On appeal, Gibson argues that the trial court erred in granting Davis' exception of no right of action as the document transferring ownership to her failed to meet any of the prerequisites for a document translative of ownership. He makes several arguments in support of his claim. However, we find that those arguments go to the merits of the matter. In order to reach the merits, a party must first have standing or a right of action to make his claims. In this instance, we agree with the trial court that Gibson, as a matter of law, lacks the right to attack the validity of the

2

Cash Sale Deed. Louisiana Civil Code Article 2444 provides that only forced heirs may attack a sale of immovable property by a parent to his child if certain requirements are met. Gibson is not a forced heir of the decedent; therefore, he has no right of action to contest the validity of the Cash Sale Deed.

Gibson argues, however, that he does have standing to attack the Cash Sale Deed as the donation is an absolute nullity which may be attacked by any person. We disagree. Louisiana Civil Code Article 2030 provides that "[a] contract is absolutely null when it violates a rule of public order, as when the object of the contract is illicit or immoral. A contract that is absolutely null may not be confirmed." Viewed on its face, we do not find that the Cash Sale Deed is either illicit or immoral; furthermore, both the decedent and his wife had the capacity, as owners, to donate the property to their daughter. Moreover, we find that the document is an act translative of ownership. The donation of the immovable is in writing, is pursuant to an authentic act, and contains a legal description of the property. Accordingly, the judgment of the trial court granting the peremptory exception of no right of action in favor of Davis is affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the defendant-appellant, T. A. Gibson.

**AFFIRMED.**

3